GEM DEVELOPMENT CO., APPELLANT, *v.* CLYMER, AUD., APPELLEE.

(No. 7425—Decided October 8, 1963.)

*Messrs. Lucas, Prendergast, Albright & Warren* and *Mr. John A. Brown,* for appellant.

*Mr. George W. Ankney, Jr.,* city solicitor, for appellee.

*Per Curiam.* Plaintiff in the trial court, Gem Dvelopment Company, sought a permanent injunction against the defend-

ant, Kay Clymer as City Auditor of the city of Reynoldsburg, to enjoin the transmittal of referendum petitions to the Board of Elections of Franklin County. The referendum in question was directed to ordinance No. 1202-62 of the city of Reynoldsburg, which ordinance was passed as an emergency measure and provided for the annexing of 422.5 acres of land to the city.

The trial court refused to allow the injunction and dismissed the action, from which final order this appeal is taken.

The sole assignment of error upon which plaintiff relies is that the trial court was wrong in finding the referendum petitions legally filed. Plaintiff urges that the circulators failed to comply with provisions of Section 731.35, Revised Code, and that such failure nullified the petitions. It is stipulated that the circulators did fail to file, within five days after the petitions were filed, the sworn itemized statement required by the statute.

We address ourselves only to the single assignment of error advanced by the appellant. Section 731.35, Revised Code, provides as follows:

"(A) The circulator of an initiative or referendum petition, or his agent, shall, within five days after such petition is filed with the city auditor or village clerk, file a sworn itemized statement * * *:"

Then follow directions as to the content of the statement. Later in the section is subsection (B), as follows:

"(B) The statement provided for in division (A) of this section shall not be required from persons who take no other part in circulating a petition than making affidavits to parts of the petition and soliciting signatures to them."

This subsection makes it clear that only those responsible for the whole referendum effort are affected by the requirement to file a sworn itemized statement. Those falling within the provisions of subsection (B) are exempt.

Attention is directed to Section 731.36, Revised Code, dealing with prohibited practices relative to petitions. It provides as follows:

"No person shall, directly or indirectly:
"* * *

"(F) Fail to file the sworn itemized statement required in Section 731.35 of the Revised Code."

The penalty for the violation of the provisions of this section is found in Section 731.99 (A), Revised Code, as follows:

"Whoever violates Section 731.36 of the Revised Code shall be fined not less than one hundred nor more than five hundred dollars."

The situations under these sections are not, as urged by appellant, analogous to the requirements imposed on candidates for elective office. There the Legislature said specifically that no certificate of nomination or election shall be issued unless the statement filing requirements are met. Here the Legislature has not by specific provision nullified the effort of circulators of petitions, or the privilege of electors to exercise the right of initiative or referendum, for the failure to file the itemized statement, but has simply imposed a fine upon those derelict in their duty.

The assignment of error is not well taken. The judgment of the trial court is affirmed.

*Judgment affirmed.*

DUFFY, P. J., DUFFEY and TROOP, JJ., concur.