THE STATE, EX REL. SAFFOLD, *v.* TIMMINS ET AL., BOARD OF
ELECTIONS OF TRUMBULL COUNTY.

[Cite as State, ex rel. Saffold, v. Bd. of Elections (1970),
22 Ohio St. 2d 63.]

(No. 70-119—Decided April 17, 1970.)

*Mr. John L. Breckenridge,* for relator.
*Mr. David Griffith,* for respondents.

*Per Curiam.* In this action in mandamus, originating
in this court, Relator, Robert E. Saffold, seeks to compel
respondents to place his name on the May 5, 1970, primary
ballot as a Democratic candidate for county commissioner.

Relator alleges that he filed his petition containing
sufficient valid signatures but that it was rejected on the
grounds that the declaration of candidacy on the part peti-
tions were executed by two different notaries.

The board relied upon *State, ex rel. Ferguson,* v.
*Brown,* 173 Ohio St. 317, wherein it was held that "the
statutes of Ohio relating to elections contemplate essen-
tially *one* declaration of candidacy which shall be *uniform*
and *complete* in accordance with the statutory mandates,"
and that the declaration of candidacy must be executed by
the same notary.

Since that decision, this court has on various occasions
had an opportunity to reconsider the effect of technical
defects in nominating petitions and declarations of candi-
dacy, which even if noticed by the signers would in no way
mislead them.

*State, ex rel. Stern,* v. *Board of Elections,* 14 Ohio St.
2d 175, summarizes these cases and holds that such techni-

cal defects do not invalidate the petition. In the course of the opinion it is said:

"The public policy which favors free competitive elections, in which the electorate has the opportunity to make a choice between candidates, outweighs the arguments for absolute compliance with each technical requirement in the petition form, where the statute requires only *substantial* compliance, where, in fact, the only omission cannot possibly mislead any petition signer or elector, where there is no claim of fraud or deception, and where there is sufficient substantial compliance to permit the board of elections, based upon the prima facie evidence appearing on the face of the jurat which is a part of the petition paper, to determine the petition to be valid."

The body of the declaration of candidacy on the various petition papers is uniform in this case. The only deviation is in the affidavit and that deviation consists only in the fact that it was executed by two different notaries. This in no way could or would mislead any signer.

The sole purpose of the declaration of candidacy is to inform the signer that one is seeking to be a party candidate for a certain public office to begin at a certain time.

The fact that a declaration of candidacy is executed by more than one notary in no way misleads or defrauds the signers of the part petitions.

We hold that the petitions in this case are valid, on the authority of *Stern* v. *Board of Elections* (1968), 14 Ohio St. 2d 175. *State, ex rel. Ferguson,* v. *Brown* (1962), 173 Ohio St. 317, is overruled to the extent that it is inconsistent with this opinion.

The demurrer to the petition is overruled and the writ is allowed.

*Writ allowed.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.