THE STATE, EX REL. QUIST, APPELLANT, *v.* SPRAGGINS, CLERK, ET AL., APPELLEES.

(No. 13410—Decided July 20, 1988.)

*Thomas L. Jaynes,* for appellant.
*Orval R. Hoover,* for respondent Peggy Spraggins.
*William E. Schultz,* assistant prosecuting attorney, for respondent Summit County Board of Elections.

GEORGE, J. Donald Quist, relator-appellant, filed a mandamus action in the common pleas court seeking an order to have a zoning ordinance, proposed by initiative petition, placed on the ballot for the general election to be held November 3, 1987. Quist named

140

as respondents Peggy Spraggins, the Clerk of the Macedonia City Council, and the Summit County Board of Elections ("board"). The appellant sought to compel the clerk to file the initiative petitions with the board and to compel the board to place the issue on the ballot.

The appellees sought dismissals and the trial court granted them, stating:

"The matter at issue centers on whether Plaintiff [Quist] has complied with the statutory requirements, both local and state, allowing Plaintiff, through the use of an initiative petition, the right to have a request for zoning change included on the local ballot at the next general election in the City of Macedonia, Ohio.

"The Ohio Constitution gives each municipality the power to govern the use of initiative petitions. Under Article II, Section 1(f), each municipality is able to enact in its charter those provisions it deems necessary. Where the charter is silent or the provisions for the use of initiative petitions are not specifically addressed, R.C. 731.28 provides the procedure. See *Dillon* v. *Cleveland* (1927), 117 Ohio St. 258."

The trial court noted that Macedonia's Charter provided that the procedure to be used for initiative petitions was that as set forth in the Constitution and laws of the state. The trial court then discussed the application of R.C. 731.35, stating:

"R.C. 731.35 requires the circulator of an initiative petition, or his agent, to file an itemized statement, with either the city auditor or village clerk, within five (5) days of when the petition is filed. The statement is to show in detail all monies paid, contributed or promised, names and addresses of those parties, contributing anything of value, and time spent and salaries earned in gathering signatures."

Finding that the plaintiff has failed to comply with R.C. 731.35 by not filing a financial statement with the city finance director within five days of the filing of the initiative petition, the trial court granted the defendants' dismissals. In arriving at its judgment, the trial court determined that the failure to follow the requirements of R.C. 731.35 was fatal to the validity of the initiative petitions. This court does not agree.

In a case with facts similar to those here, the reviewing court, upon appeal, held that a referendum petition was not nullified when the sworn itemized statement was not filed within five days after the referendum petition was filed. *Gem Dev. Co.* v. *Clymer* (1963), 120 Ohio App. 189, 28 O.O. 2d 463, 201 N.E. 2d 721. Thus, the *Gem* court determined that compliance with R.C. 731.35 was not a condition precedent to the validity of the referendum petition. This reasoning is persuasive.

The failure to comply with R.C. 731.35 may result in the imposition of a fine upon those circulators who are required to file an itemized statement, but who do not. Noncompliance does not, however, affect the validity of an initiative petition. The validity of an initiative petition rests upon other considerations not yet addressed by the trial court.

R.C. 3501.11(K) requires the board to "[r]eview, examine, and certify the sufficiency and validity of petitions and nomination papers." If the petitions were filed with the board, the board would have been compelled to examine the petitions. Unless there is a clear legal duty to perform as requested, a writ of mandamus will not issue. *State, ex rel. Spirko,* v. *Court of Appeals* (1986), 27 Ohio St. 3d 13, 27 OBR 432, 501 N.E. 2d 625. The board has no legal duty to review unfiled petitions. Since the petitions here were never

filed with the board, an action in mandamus is premature.

Therefore, the judgment of the trial court is affirmed in part and reversed in part. The dismissal of the Summit County Board of Elections is affirmed and the dismissal of the action as to Peggy Spraggins, the clerk of council, is reversed. This case is remanded to the trial court for further proceedings consistent with the law and this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

BAIRD, P.J., and CACIOPPO, J., concur.