THE STATE EX REL. OSBORN *v.* FAIRFIELD COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Osborn v. Fairfield Cty. Bd. of Elections* (1992), 65 Ohio St.3d 194.]

(No. 92–1691—Submitted and decided September 21, 1992—Opinion announced December 9, 1992.)

*Eric P. Rotando,* for relator.

*David L. Landefeld,* Prosecuting Attorney, and *Roy E. Hart,* Assistant Prosecuting Attorney, for respondent.

---

*Per Curiam.* For the following reasons, we allow the writ. Respondent's motion to dismiss (which presumably is a motion to dismiss for failure to state a claim on which relief can be granted, although not identified as such) is overruled. It in no way appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. Moreover, instead of admitting the material allegations of the complaint as required by *State ex rel. Alford v. Willoughby Civ. Serv. Comm.* (1979), 58 Ohio St.2d 221, 223, 12 O.O.3d 229, 230, 390 N.E.2d 782, 785, the memorandum in support of the motion to dismiss embellishes the facts stated in the complaint. The complaint completely satisfies the requirements of notice pleading, Civ.R. 8(A), and the motion to dismiss is simply an "ill-conceived" attempt to short-circuit the pleadings. *Assn. for the Defense of Washington Local School Dist. v. Kiger* (1989), 42 Ohio St.3d 116, 117, 537 N.E.2d 1292, 1293.

Having examined the part-petitions attached to the complaint, we find that the statement of candidacy is identical on each part-petition except that in some part-petitions, accepted by the respondent, the designation "6th House of Rep." contains a scratched-out alteration of "78th" (House of Representatives) and other part-petitions, rejected by respondent, contain a whited-out alteration of "78th." The original signature is on a part-petition in the scratched-out group. However, we find this difference between the two groups immaterial. There is substantial compliance with the only relevant statute, R.C. 3513.261, which states in part:

"A nominating petition may consist of one or more separate petition papers, each of which shall be *substantially* in the form prescribed in this section. If the petition consists of more than one separate petition paper, the statement of candidacy of the candidate or joint candidates named need be signed by the candidate or joint candidates on only one of such separate petition papers, but the statement of candidacy so signed shall be copied on each other separate petition paper before the signatures of electors are placed thereon." (Emphasis added.)

Respondent's sole justification for rejecting the whited-out group is based on a statement of this court in *State ex rel. Ferguson v. Brown* (1962), 173 Ohio St. 317, 319–320, 19 O.O.2d 227, 228, 181 N.E.2d 890, 893, overruled, *State ex rel. Saffold v. Timmins* (1970), 22 Ohio St.2d 63, 51 O.O.2d 95, 258 N.E.2d 112:

"In the opinion of a majority of this court, the statutes of Ohio relating to elections contemplate essentially *one* declaration of candidacy which shall be *uniform* and *complete* in accordance with the statutory mandates. [Emphasis *sic*.] Such declaration may be an original one at the head of each petition paper circulated, signed by the candidate individually and sworn to, or there may be a single complete original declaration with *identical* copies thereof heading all other separate nominating petition papers placed in circulation (Section 3513.09, Revised Code), but there may not be a number of declarations varying in substance and form and with material omissions." (Emphasis added.)

Thus, in construing R.C. 3513.09, a parallel section to R.C. 3513.261, involving party nominees, we did use the term "identical" to describe copies of the declaration of candidacy ("statement of candidacy" in R.C. 3513.261) on part-petitions. However, when overruling *Ferguson* in *Saffold*, we stated:

"Since that decision, this court has on various occasions had an opportunity to reconsider the effect of technical defects in nominating petitions and declarations of candidacy, which even if noticed by the signers would in no way mislead them.

"*State, ex rel. Stern, v. Board of Elections*, 14 Ohio St.2d 175 [43 O.O.2d 286, 237 N.E.2d 313], summarizes these cases and holds that such technical defects do not invalidate the petition. In the course of the opinion it is said:

" 'The public policy which favors free competitive elections, in which the electorate has the opportunity to make a choice between candidates, outweighs the arguments for absolute compliance with each technical requirement in the petition form, where the statute requires only *substantial* compliance, where, in fact, the only omission cannot possibly mislead any petition signor or elector, where there is no claim of fraud or deception, and where there is sufficient substantial compliance to permit the board of elections, based upon the prima facie evidence appearing on the face of the jurat which is a part of the petition paper, to determine the petition to be valid.' " (Emphasis *sic*.) 22 Ohio St.2d at 63–64, 51 O.O.2d at 95–96, 258 N.E.2d at 112–113.

The facts in the instant case meet the tests set forth in *Stern v. Cuyahoga Cty. Bd. of Elections* (1968), 14 Ohio St.2d 175, 43 O.O.2d 286, 237 N.E.2d 313, and *Saffold*. R.C. 3513.261 requires only substantial compliance with the

form of the statement of the candidacy. Respondent makes no claim that the alteration on either or both groups of part-petitions has misled any voters or that there has been fraud or deception, and there is sufficient substantial compliance to permit the board of elections to determine the petition to be valid. Except for the difference in the type of alteration, the part-petitions are clearly identical.

The extremely technical issue on which respondent invalidated the petitions clashes with R.C. 3513.261's requirement of only substantial compliance and this court's decisions in *Stern* and *Saffold, supra.* Accordingly, we allow the writ.

*Writ allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.