**[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 1.]**

**THE STATE EX REL. FITE ET AL. *V*. AEH, CLERK.**

**[Cite as *State ex rel. Fite v. Aeh*, 1997-Ohio-132.]**

*Elections—Recall of city council members—Signatures on recall petition removed as result of signature withdrawal petitions—Applicability of R.C. 3501.38(H) and (I)—Clerk not entitled to remove signatures from recall petitions after filing—Writ and attorney fees granted.*

(No. 96-2498—Submitted August 26, 1997—Decided September 11, 1997.)

IN MANDAMUS.

———————————

{¶ 1} Relators, Ethel Wood, William Carson, Damon L. Fite, and Richard Noel, are residents and electors of Wards 1, 2, 4, and 6, respectively, of the city of Portsmouth. In September 1996, relators and other Portsmouth electors filed petitions with respondent, Portsmouth City Clerk Jo Ann Aeh, demanding recall elections for First Ward Council Member Ann Sydnor, Second Ward Council Member Greg Bauer, Fourth Ward Council Member Jim Kalb, and Sixth Ward Council Member Orin Campbell. At the time that the recall petitions were filed, each petition contained on its face signatures of more than twenty-five percent of the electors who voted at the last preceding regular municipal election in the respective wards.

{¶ 2} After the recall petitions were filed, the affected council members drafted petitions for signatories of the recall petitions to withdraw their signatures. Aeh typed the signature withdrawal petitions and notarized some of them. When these petitions were subsequently filed, Aeh considered them amendments to the recall petitions. The signature withdrawal petitions were filed prior to Aeh's determination of the sufficiency of the recall petitions.

**{¶ 3}** By letters dated October 1, 1996, Aeh notified the persons responsible for the recall petitions that the petitions contained an insufficient number of signatures. Aeh disqualified certain signatures and removed other signatures. Aeh removed signatures based on the signature withdrawal petitions rather than on the basis that individuals had not been told the truth when they had signed the recall petitions. The recall petitions for the city council members representing the First, Fourth, and Sixth Wards would have had sufficient valid signatures for recall elections if Aeh had not removed signatures at the request of the signatories.

**{¶ 4}** Relators then requested the city solicitor to institute a mandamus action to compel Aeh to reinstate the names she had removed from the recall petitions after they had been filed with her. In late October, the city solicitor refused. Shortly thereafter, relators filed this action for a writ of mandamus to compel Aeh to certify the recall petitions as sufficient and to notify the affected council members as required by the Portsmouth Charter. We granted an alternative writ and issued a schedule for the presentation of evidence and briefs. 77 Ohio St.3d 1545, 674 N.E.2d 1184. Aeh subsequently filed motions to dismiss the claims relating to Second Ward Council Member Greg Bauer and Sixth Ward Council Member Orin Campbell.

**{¶ 5}** This cause is now before the court for a consideration of the merits.

———————————

*McTigue & Brooks* and *Donald J. McTigue*, for relators.

*David W. Kuhn*, Portsmouth City Solicitor, for respondent.

———————————

***Per Curiam.***

*Motions to Dismiss*

**{¶ 6}** Aeh moves to dismiss the mandamus claims relating to Second Ward Council Member Greg Bauer and Sixth Ward Council Member Orin Campbell. Bauer and Campbell have resigned their council positions. These resignations moot

relators' claims concerning their petitions requesting Bauer's and Campbell's removal from city council. The issues raised by these claims are not capable of repetition, yet evading review. *State ex rel. Fenley v. Kyger* (1995), 72 Ohio St.3d 164, 165, 648 N.E.2d 493, 494. Relators also do not oppose Aeh's dismissal motions.

{¶ 7} Therefore, we grant Aeh's motions and dismiss the claims concerning the petitions requesting removal of Bauer and Campbell.

*Merits: First and Fourth Ward Council Members*

{¶ 8} Relators assert in their sole proposition of law that Aeh has a clear legal duty to comply with R.C. 3501.38. Aeh counters that the provisions set forth in the Portsmouth Charter governing recall petitions are exclusive and controlling.

{¶ 9} Sections 150, 151, and 152 of the Portsmouth Charter provide:

"SECTION 150. RECALL PETITION PAPERS.

"Any elective officer provided for by this Charter may be removed from office by recall. The procedure to effect such a removal shall be as follows:

"Any elector of the City may make and file with the City Clerk an affidavit stating the name of the officer whose removal is sought and the grounds alleged for such removal. * * *"

"SECTION 151. FILING RECALL PETITION.

"A petition demanding the removal of an elective officer shall be known as a recall petition. A recall petition to be effective must be returned and filed with the City Clerk within thirty (30) days after the filing of the affidavit as provided in the next preceding section, and to be sufficient must bear * * * if for the removal of an officer elected from a ward, * * * the signatures of qualified electors of the particular ward equal in number to at least twenty-five per centum (25%) of the electors who voted at the last preceding regular municipal election in said ward. A recall petition, if insufficient as originally filed, may be amended as provided in this Charter."

"SECTION 152. RECALL ELECTION ORDERED.

"If a recall petition, or amended petition, shall be certified by the City Clerk to be sufficient, he shall at once submit it to the Council with his certificate to that effect and shall notify the officer whose removal is sought of such action. If the officer whose removal is sought does not resign within five (5) days after such notice the Council shall thereupon order and fix a day for holding a recall election. Any such election shall be held not less than forty (40) nor more than ninety (90) days after the expiration of the period of five (5) days last mentioned, and at the same time as any general, primary, or special election shall be held within such period; but, if no general, primary, or special election shall be held within such period, the Council shall order a special recall election to be held within the time aforesaid."

{¶ 10} R.C. 3501.38 provides that "[a]ll * * * petitions presented to or filed with the secretary of state or a board of elections or with any other public office * * * for the holding of an election on any issue shall * * * be governed by the following rules:

"* * *

"(H) Any signer of a petition may remove his signature therefrom at any time before the petition is filed in a public office by striking his name therefrom; no signature may be removed after the petition is filed in any public office.

"(I) No alterations, corrections, or additions may be made to a petition after it is filed in a public office."

{¶ 11} R.C. 3501.38(H) and (I) prohibit the removal of signatures from petitions after they are filed in any public office. See, *e.g., State ex rel. Citizens for Responsible Taxation v. Scioto Cty. Bd. of Elections* (1992), 65 Ohio St.3d 167, 174-175, 602 N.E.2d 615, 621; *State ex rel. Green v. Casey* (1990), 51 Ohio St.3d 83, 85, 554 N.E.2d 1288, 1291; *State ex rel. Jeffries v. Ryan* (1969), 21 Ohio App.2d 241, 253, 50 O.O.2d 403, 410, 256 N.E.2d 716, 724.

**{¶ 12}** Contrary to Aeh's contentions, R.C. 3501.38(H) and (I) are applicable to the recall petitions filed with her. First, R.C. 3501.38 is incorporated by reference in Sections 143 and 165 of the Portsmouth Charter. See *Christy v. Summit Cty. Bd. of Elections* (1996), 77 Ohio St.3d 35, 37-38, 671 N.E.2d 1, 3-4, citing *State ex rel. Bogart v. Cuyahoga Cty. Bd. of Elections* (1993), 67 Ohio St.3d 554, 555, 621 N.E.2d 389, 390; Section 143, Portsmouth Charter ("All elections provided for by this Charter * * * shall be conducted by the election authorities prescribed by general law; and the provisions of the general election laws of the State shall apply to all such elections except as otherwise provided by this Charter."); Section 165, Portsmouth Charter ("All general laws of the State applicable to municipal corporations * * * and which are not in conflict with the provisions of this Charter * * * shall be applicable to this City * * *."). Second, the charter provisions relating to recall petitions are silent on the issue of withdrawal of signatures after filing. Therefore, there is no conflict with R.C. 3501.38(H) and (I), and the statutory provisions control. See, *e.g., State ex rel. Citizens for a Better Beachwood v. Cuyahoga Cty. Bd. of Elections* (1991), 62 Ohio St.3d 167, 169-170, 580 N.E.2d 1063, 1065 (R.C. 731.32 controls if charter is silent on statutory requirement that copies of ordinances must be filed with city auditor.). Third, application of R.C. 3501.38(H) and (I) to recall petitions in Portsmouth gives effect to Sections 143 and 165 of the charter and harmonizes the charter with the pertinent statutory provisions. *State ex rel. Paluf v. Feneli* (1994), 69 Ohio St.3d 138, 142, 630 N.E.2d 708, 711, quoting 1 Gotherman & Babbit, Ohio Municipal Law (2 Ed.1992) 55, Section T 4.39 ("'Municipal charters are to be so construed as to give effect to all separate provisions and to harmonize them with the statutory provisions whenever possible.'"); *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 73, 647 N.E.2d 769, 773.

**{¶ 13}** Aeh nevertheless contends that she was entitled to remove signatures from the recall petitions for various reasons. Aeh initially asserts she was entitled

to remove the signatures based on the petition amendment procedure set forth in Section 29 of the Portsmouth Charter. Aeh claimed that she treated the signature withdrawal petitions as "amendments" to the original recall petitions. But the amendment procedure was inapplicable to Aeh's determination, since she made no finding of insufficiency of the original petitions prior to considering the "amendments." Section 29, Portsmouth Charter ("A[ ] * * * recall petition may be amended at any time within ten days after the making of a certificate of insufficiency by the City Clerk * * *."); Section 151, Portsmouth Charter ("A recall petition, if insufficient as originally filed, may be amended as provided in this Charter."). As noted by relators, the charter petition amendment procedure provides an opportunity for the *petitioners* to file additional signatures if the original petition does not contain a sufficient number of signatures of qualified electors. Section 29 does not expand the city clerk's authority to determine the sufficiency of recall petitions by authorizing the removal of signatures from the original petitions in derogation of R.C. 3501.38(H) and (I).

{¶ 14} Aeh next asserts that she was entitled to remove signatures following the filing of the recall petitions because of fraud, misrepresentation, and mistake in securing the original signatures. Aeh's assertion is meritless for the following reasons.

{¶ 15} First, R.C. 3501.38(H) and (I), as incorporated by the Portsmouth Charter, do not permit post-filing removal of signatures. Second, evidence of fraud, misrepresentation, or mistake would not have invalidated the recall petitions. There is no such exception to the requirements of R.C. 3501.38(H) and (I). See, also, *Gem Dev. Co. v. Clymer* (1963), 120 Ohio App. 189, 191, 28 O.O.2d 463, 464, 201 N.E.2d 721, 722 (Violation of R.C. 731.36 did not invalidate petitions because General Assembly imposes a fine as the penalty for violating that provision.). Second, Aeh's deposition testimony indicated that she did not base her removal of signatures on fraud, misrepresentation, or mistake. Third, the deposition testimony

6

of Aeh and council members related to fraud, misrepresentation, or mistake was hearsay, which was specifically objected to by relators. See, *e.g.*, Evid.R. 802; *In re Coy* (1993), 67 Ohio St.3d 215, 219, 616 N.E.2d 1105, 1108. Aeh did not present competent evidence supporting her assertions of fraud, misrepresentation, or mistake.

{¶ 16} Aeh finally claims that she was entitled to remove signatures following the filing of recall petitions based on past practice. There is, however, no past practice exception to the requirements of R.C. 3501.38(H) and (I).

{¶ 17} Therefore, Aeh had a clear legal duty under Sections 151 and 152 of the Portsmouth Charter to certify as sufficient the recall petitions relating to the First and Fourth Ward council members. The petitions had the requisite number of signatures to be sufficient. Aeh was not entitled to remove signatures from the petitions after filing. In addition, relators have established a clear legal right to this certification, and they have no adequate remedy in the ordinary course of law.

{¶ 18} Based on the foregoing, we grant a writ of mandamus compelling Aeh to certify the recall petitions seeking the removal of First and Fourth Ward Council Members Sydnor and Kalb as sufficient and to notify these council members pursuant to Section 152 of the Portsmouth Charter. In addition, we grant relators' request for attorney fees and order relators' counsel to submit a bill and documentation in support of the request for attorney fees, in accordance with the guidelines set forth in DR 2-106.

*Writ granted in part and*
*cause dismissed in part.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————