[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 255.]

[THE STATE EX REL.] ARNETT ET AL., APPELLEES, *v*. WINEMILLER, CLERK OF COUNCIL, APPELLANT.

[Cite as *State ex rel. Arnett v. Winemiller*, 1997-Ohio-320.]

*Elections—Mandamus to compel Union Clerk of Council to certify the sufficiency and validity of an initiative petition that a proposed ordinance be placed on the November 4, 1997 election ballot approving the creation of a joint fire district and joint ambulance district between Union, Randolph Township, Clayton, and Englewood—Writ granted, when.*

(No. 97-1359—Submitted September 26, 1997—Decided October 1, 1997.)

APPEAL from the Court of Appeals for Montgomery County, Nos. 16606 and 16612.

———————————

{¶ 1} The city of Union is a charter municipality located in Randolph and Butler Townships, Montgomery County, Ohio, and Union Township ("Union"), Miami County, Ohio. Appellee, Randolph Township Board of Trustees, currently provides fire protection and emergency medical services to Randolph Township residents, including Union residents, through the Randolph Township Fire Department. Randolph Township will merge with the village of Clayton effective January 1998, and on that date, Randolph Township will cease to exist.

{¶ 2} In April 1997, appellees Julie A. Johnson, Jerry Vaughn, and Carmen Y. Lash, resident electors of Union and sole members of a committee of circulators of an initiative petition in Union, filed the petition with appellant, Union Clerk of Council and Director of Finance Denise A. Winemiller. Appellees requested in the initiative petition that a proposed ordinance be placed on the November 4, 1997 election ballot for Union. The proposed ordinance would approve an agreement

between Union, appellee Randolph Township, Clayton, and if approved by it, the city of Englewood, to create a joint fire district and joint ambulance district.

{¶ 3} The initiative petition filed with Winemiller contained 383 signatures of Union electors. Winemiller held the petition open for public inspection for ten days in accordance with R.C. 731.34. Within the ten-day inspection period, Winemiller received written requests from 234 of the petition signers to remove their names from the initiative petition. The signature removal requests were solicited by fire department members. Winemiller subtracted the 234 signatures from the total of 383 and determined that the number of signatures remaining, 149, was less than the 163 signatures required to certify the proposed ordinance to the Montgomery and Miami County Boards of Elections.[1]

{¶ 4} On June 6, appellee Charles J. Arnett, a resident elector of Union, filed a *pro se* complaint in the Court of Appeals for Montgomery County for a writ of mandamus to compel Winemiller to take all action necessary to file the initiative petition with the Montgomery County Board of Elections. On June 9, appellees, Johnson, Vaughn, Lash, Randolph Township, and Randolph Township Board of Trustees, filed a complaint in the Court of Appeals for Montgomery County for a writ of mandamus to compel Winemiller to transmit the initiative petition and certify the initiative petition's sufficiency and validity to the Montgomery County and Miami County Boards of Elections. After Winemiller filed an answer to the complaints and the cases were consolidated, the court of appeals initially granted a writ of mandamus to compel Winemiller to transmit the initiative petition and a certified copy of the proposed ordinance text to the Montgomery and Miami County Boards of Elections. Winemiller subsequently complied with the order, and the

---

1. R.C. 731.28 requires municipal initiative petitions to "contain the signatures of not less than ten per cent of the number of electors who voted for governor at the most recent general election for the office of governor in the municipal corporation." Sixteen hundred twenty-nine Union electors voted for Governor at the most recent general election.

Montgomery County Board of Elections determined that the petition contained 344 valid signatures. The board then returned the petition to Winemiller to certify its validity and sufficiency. By entry dated August 12, the court of appeals, in considering a motion to hold Winemiller in contempt of its previous order granting a writ of mandamus, clarified that its earlier judgment was also to grant a writ of mandamus to compel Winemiller to certify the sufficiency and validity of the petition.

{¶ 5} This cause is now before the court on Winemiller's appeal as of right. Pursuant to court order, a supplemental record was filed on September 19.

_____

*Charles J. Arnett, pro se*.

*Gottschlich & Portune, LLP*, and *Robert E. Portune*, for appellees Randolph Township and Randolph Township Board of Trustees.

*Coolidge, Wall, Womsley & Lombard Co., L.P.A.*, and *Janice M. Paulus*, for appellees Julie A. Johnson, Jerry Vaughn, Carmen Y. Lash, Randolph Township, and Randolph Township Board of Trustees.

*Joseph Moore & Associates*, *Joseph P. Moore* and *Paul M. Courtney*, for appellant.

_____

*Per Curiam*.

{¶ 6} Winemiller asserts in her propositions of law that the court of appeals erred in granting the writ of mandamus. In order to be entitled to the writ, appellees had to establish that (1) they have a clear legal right to have Winemiller transmit the initiative petition and a certified copy of the text of the proposed ordinance and certify the sufficiency and validity of the petition to the boards of elections, (2) Winemiller, as Union Clerk of Council and Director of Finance, has a clear legal duty to perform these acts, and (3) appellees have no adequate remedy in the

ordinary course of the law. *Morris v. Macedonia City Council* (1994), 71 Ohio St.3d 52, 54, 641 N.E.2d 1075, 1077.

*Post-Filing Signature Removal*

{¶ 7} In her first proposition of law, Winemiller contends that appellees did not have a clear legal right to have the petition certified to the boards of elections and she did not have a corresponding duty to certify and transmit the petition because she properly subtracted the withdrawn signatures from the petition.

{¶ 8} Winemiller relies on the common-law rule, which provides that "*[w]here there is no statutory provision to the contrary*, an elector has a right to withdraw his or her name from a referendum petition '* * * at any time before official action has been taken thereon and before an action in mandamus has been properly commenced * * *, although after the time within which such petition is required by law to be filed and after it actually has been filed.' " (Emphasis added.) *State ex rel. Bd. of Edn. for Fairview Park School Dist. v. Bd. of Edn. for Rocky River School Dist.* (1988), 40 Ohio St.3d 136, 139, 532 N.E.2d 715, 717-718, quoting *Lynn v. Supple* (1957), 166 Ohio St. 154, 1 O.O.2d 405, 140 N.E.2d 555, paragraph two of the syllabus.

{¶ 9} The court of appeals held that Winemiller erred in relying on the common-law right of withdrawal because R.C. 3501.38(H) and (I) abrogated the common-law rule. " 'Statutes * * * will not be presumed or held, to have intended a repeal of the settled rules of the common law *unless the language employed by it [sic] clearly expresses or imports such intention*.' " (Emphasis *sic*.) *Bresnik v. Beulah Park Ltd. Partnership, Inc.* (1993), 67 Ohio St.3d 302, 304, 617 N.E.2d 1096, 1098, quoting *State v. Sullivan* (1909), 81 Ohio St. 79, 90 N.E. 146, paragraph three of the syllabus.

{¶ 10} Municipal initiative and referendum petitions are governed by R.C. 731.28 *et seq.* and in all other respects by the rules set forth in R.C. 3501.38. R.C. 731.31. R.C. 3501.38 provides that "[a]ll * * * petitions presented to or filed with

the secretary of state or a board of elections or with any other public office * * * for the holding of an election on any issue shall * * * be governed by the following rules:

"* * *

"(H) Any signer of a petition may remove his signature therefrom at any time before the petition is filed in a public office by striking his name therefrom; *no signature may be removed after the petition is filed in any public office*.

"(I) No alterations, corrections, or additions may be made to a petition after it is filed in a public office." (Emphasis added.)

{¶ 11} The plain language of R.C. 3501.38(H) and (I) expressly precludes the removal of signatures after the petition is filed with the applicable public office.[2] The statutory preclusion encompasses the attempted post-filing "withdrawal" of signatures. See *State ex rel. Bowman v. Columbiana Cty. Bd. of Commrs.* (1997), 77 Ohio St.3d 398, 400, 674 N.E.2d 694, 695 ("Undefined words used in a statute must be accorded their usual, normal, or customary meaning."); R.C. 1.42. "Withdraw" means "to remove or draw out from a place or position." Webster's Third New International Dictionary (1986) 2626; see, also, Black's Law Dictionary (6 Ed.1990) 1602. In fact, the signature "withdrawal" forms here specifically request Winemiller to "remove" the specified names.

{¶ 12} Winemiller also relies on certain language from *State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections* (1995), 72 Ohio St.3d 289, 294, 649 N.E.2d 1205, 1209, stating that one of the purposes of the ten-day inspection period in R.C. 731.28 and 731.34 is to permit electors who have signed a petition the opportunity to withdraw their names. But the foregoing language is dictum, and *Thurn* did not

---

2. Although R.C. 731.28 requires the petition to be filed with the city auditor or village clerk, Section 7.01 of the Union Charter provides that in initiative and referendum matters, "all documents which according to the laws of the state are to be filed with the auditor shall be filed with the Clerk of the Council." Winemiller conceded she was the proper respondent in the mandamus actions.

involve or analyze R.C. 3501.38(H) and (I) and their effect on the common-law right to withdraw. *Thurn* is thus inapposite.

{¶ 13} More recently, in *State ex rel. Fite v. Aeh* (1997), 80 Ohio St.3d 1, 684 N.E.2d 285, we expressly held that R.C. 3501.38(H) and (I) prohibit a city clerk from removing signatures based on signature withdrawal petitions received after recall petitions had been filed with the clerk. Similarly, Winemiller was prohibited from refusing to count initiative petition signatures based on the signature removal forms filed with her after the filing of the petition. Winemiller's first proposition of law is consequently meritless.

*Abuse of Discretion*

{¶ 14} In her second proposition of law, Winemiller contends that she did not abuse her discretion in refusing to certify the petition to the boards of elections based on her belief that there were insufficient signatures due to the signature removal forms. Winemiller's contention lacks merit. Granted that she possesses discretion in her duties under R.C. 731.28, see *State ex rel. Watkins v. Quirk* (1978), 59 Ohio App.2d 175, 180, 13 O.O.3d 202, 205, 392 N.E.2d 1302, 1306, and *State ex rel. Kahle v. Rupert* (1918), 99 Ohio St. 17, 19, 122 N.E. 39, 40, she abused that discretion by improperly removing signatures from the petition, in violation of R.C. 3501.38(H) and (I). Cf. *State ex rel. Williams v. Iannucci* (1988), 39 Ohio St.3d 292, 294, 530 N.E.2d 869, 870 ("We construe R.C. 731.28 to confer on the auditor only the ministerial duty to certify to the board of elections the text of a proposal for which sufficient signatures have been obtained.").

*Adequate Remedy; Declaratory Judgment*

{¶ 15} In her third proposition of law, Winemiller asserts that the court of appeals erred in granting a writ of mandamus because declaratory judgment constituted an adequate remedy in the ordinary course of the law. A writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05. In order for an alternative remedy to

constitute an adequate remedy at law, it must be complete, beneficial, and speedy. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 249-250, 673 N.E.2d 1281, 1284.

{¶ 16} Declaratory judgment is not an adequate remedy here because it is not sufficiently complete. In general, where declaratory judgment would not be a complete remedy unless coupled with ancillary extraordinary relief in the nature of a mandatory injunction, the availability of declaratory judgment does not preclude a writ of mandamus. *State ex rel. Huntington Ins. Agency, Inc. v. Duryee* (1995), 73 Ohio St.3d 530, 537, 653 N.E.2d 349, 355. Absent a mandatory injunction compelling Winemiller to perform the requested acts, a declaratory judgment would not be a complete remedy.

{¶ 17} In addition, a declaratory judgment action would not have been sufficiently speedy. See, *e.g.*, *State ex rel. Purdy v. Clermont Cty. Bd. of Elections* (1997), 77 Ohio St.3d 338, 341, 673 N.E.2d 1351, 1354 (In election cases, "declaratory judgment might not provide an adequate remedy in the ordinary course of law."); cf. *Thurn*, 72 Ohio St.3d at 291-292, 649 N.E.2d at 1207-1208, citing *State ex rel. Smart v. McKinley* (1980), 64 Ohio St.2d 5, 6, 18 O.O.3d 128, 129, 412 N.E.2d 393, 394. As the court of appeals noted, Winemiller had to transmit the initiative petition and a certified copy of the text of the proposed ordinance to the Montgomery and Miami County Boards of Elections and certify the petition's sufficiency and validity by August 20, in order to submit the ordinance proposed by the petition to the Union electors at the November 4 ballot. R.C. 731.28.[3] Time

---

3. R.C. 731.28 provides:

"Ordinances and other measures providing for the exercise of any powers of government granted by the constitution or delegated to any municipal corporation by the general assembly may be proposed by initiative petition. * * *

"When a petition is filed with the city auditor or village clerk, signed by the required number of electors proposing an ordinance or other measure, such auditor or clerk shall, after ten days, transmit a certified copy of the text of the proposed ordinance or measure to the board of elections. The auditor or clerk shall transmit the petition to the board together with the certified copy of the proposed ordinance or other measure. The board shall examine all signatures on the

was of the essence when the court of appeals issued the writ. Winemiller's third proposition of law is overruled.

*Conclusion*

**{¶ 18}** Based on the foregoing, the court of appeals did not err in granting the requested writ of mandamus. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS and LUNDBERG STRATTON, JJ., concur separately.

_____

**DOUGLAS, J., concurring separately**.

**{¶ 19}** In *State ex rel Thurn v. Cuyahoga Cty. Bd. of Elections* (1995), 72 Ohio St.3d 289, 294, 649 N.E.2d 1205, 1209, this court stated that one of the purposes of the ten-day inspection period of R.C. 731.28 and 731.34 is to give "the electors who have signed the petition an opportunity to withdraw their names if they so desire." Again in *Thurn* we noted that R.C. 731.28 and 731.34 "were violated because the early certification prevented electors from withdrawing their signatures following certification but prior to the expiration of the ten-day period." *Id.* at 295, 649 N.E.2d at 1210.

---

petition to determine the number of electors of the municipal corporation who signed the petition. The board shall return the petition to the auditor or clerk within ten days after receiving it, together with a statement attesting to the number of such electors who signed the petition.

"The board shall submit such proposed ordinance or measure for the approval or rejection of the electors of the municipal corporation at the next general election occurring subsequent to seventy-five days after the auditor or clerk certifies the sufficiency and validity of the petition to the board of elections. * * *"

Winemiller does not raise in this appeal, and we thus need not consider, whether the court of appeals' initial entry, as subsequently clarified, ordering Winemiller to certify the sufficiency and validity of the petition prior to the elector examination by the board of elections was premature pursuant to R.C. 731.28. We further note that by the time of the clarification order, the board had already conducted its review of eligible electors and determined that the petition contained sufficient signatures.

**{¶ 20}** The majority contends that because the "foregoing language is dictum, and *Thurn* did not involve or analyze R.C. 3501.38(H) and (I) and their effect on the common-law right to withdraw," *Thurn* is inapposite to this cause of action. We misstated the law in *Thurn* not once, but twice. Given these misstatements of the law in *Thurn* and our recent holding in *State ex rel. Fite v. Aeh* (1997), 80 Ohio St.3d 1, 684 N.E.2d 285, the current status of the law regarding the withdrawal of signatures from initiative and referendum petitions is confusing and conflicted. Dictum or not, we were wrong in *Thurn* and the misstatements should be corrected. Accordingly, I do not join in the majority's conclusion that *Thurn* is merely inapposite to the current action.

LUNDBERG STRATTON, J., concurs in the foregoing concurring opinion.

———————————