**The STATE ex rel. PERONA, Appellant,**

**v.**

**ARCECI, Clerk, et al., Appellees.**

[Cite as *State ex rel. Perona v. Arceci* (1998), 129 Ohio App.3d 15.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18616.

Decided June 30, 1998.

16

*Nicholas Swyrydenko,* for appellant.

*Joseph W. Diemert, Jr.,* Director of Law, for appellees Josephine Arceci, Clerk, et al.

*John E. Sullivan,* for appellee Heritage Development Company.

BAIRD, Presiding Judge.

Jerry Perona appeals the decision rendered by the Summit County Court of Common Pleas granting summary judgment to Josephine Arceci and other Macedonian city officials[1] on Perona's legal challenges to Macedonia's leasing of land for development as a golf course. We affirm.

On February 27, 1997, the Macedonia City Council passed Resolution 9–1997, the sole substantive provision of which authorized the mayor to enter into a "binding lease by way of concession with the Heritage Development Company," so that Heritage could construct and operate a golf course on city property.

Perona is chairman of a committee devoted to placing Resolution 9–1997 on the general election ballot. In March 1997, members of that committee circulated petitions throughout Macedonia calling for a referendum on the mayor's authority to bind the city to a lease agreement with Heritage. On March 18, 1997, the mayor and Heritage signed such an agreement. On March 19, 1997, Perona's committee delivered signed petitions to Arceci, who is the Macedonia clerk of the city council. After discussing the matter with the city law director, Arceci did not deliver the petitions to the Summit County Board of Elections, which would have been the next step toward placing the issue as a referendum on· the November 1997 general election ballot.[2]

On April 29, 1997, Perona, invoking his status as a taxpayer, filed a complaint and petition, requesting that the trial court (1) issue a writ of mandamus

---

1. Arceci is clerk of Macedonia City Council. Other respondents-appellees include Macedonia's mayor, law director, certain council members, and the golf course development company.

2. "Municipal initiative and referendum petitions are governed by R.C. 731.28 *et seq.*" *State ex rel. Arnett v. Winemiller* (1997), 80 Ohio St.3d 255, 257, 685 N.E.2d 1219, 1221. R.C. 731.28 through 731.41 covers municipal initiative and referendum matters where a municipal corporation has not adopted charter provisions covering its own ordinances and legislative provisions. *Buckeye Community Hope Found. v. Cuyahoga Falls* (1998), 81 Ohio St.3d 559, 565, 692 N.E.2d 997, 1001. Macedonia Charter Section 17.01 of the Macedonia City Charter provides that "[o]rdinances and resolutions adopted by Council shall be subject to referendum, to the extent and in the manner now or hereafter provided by the Constitution or laws of the State of Ohio." R.C. 731.28 provides in part:

"Ordinances and other measures providing for the exercise of any powers of government granted by the constitution or delegated to any municipal corporation by the general assembly may be proposed by initiative petition. Such initiative petition must contain the signatures of not less than ten per cent of the number of electors who voted for governor at the most·recent general election for the office of governor in the municipal corporation.

"When a petition is filed with the city auditor or village clerk, signed by the required number of electors proposing an ordinance or other measure, such auditor or clerk shall, after ten days, transmit a certified copy of the text of the proposed ordinance or measure to the board of elections."

compelling Arceci to submit the petitions to the Summit County Board of Elections, (2) declare Resolution 9–1997 facially invalid as emergency legislation, (3) declare the Resolution invalid as emergency legislation granting a franchise, (4) declare the Resolution invalid as contravening the city's charter, ordinances, and zoning code, and (5) temporarily enjoin further construction work pursuant to the lease between Macedonia and Heritage. The defendants-respondents answered. On May 22, 1997, Perona moved for summary judgment. On May 28, 1997, Arceci opposed Perona's motion and also moved for summary judgment.[3] On June 3, 1997, Arceci filed a response.

On June 13, 1997, the trial court overruled Perona's motion and granted summary judgment to the defendants-respondents. Perona assigns one error in three parts, stating:

"The trial court erred in granting summary judgment in favor of respondents and in denying summary judgment in favor of relator in that (1) Resolution 9–1997 is invalid as an emergency resolution, since the language contained in the declaration of emergency is illusory and tautological; (2) Resolution 9–1997 is invalid as an emergency resolution, since Macedonia Charter § 4.10 prohibits the granting of franchises by emergency resolution; (3) Resolution 9–1997 is facially invalid and void in that it permits the mayor to enter into a lease allowing Heritage to perform an act which is illegal pursuant to the Codified Ordinances of Macedonia."

In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard that a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123.

The resolution of this case depends upon the answers to two questions of law. Is the resolution void because it conflicts with other Macedonian law? If not void, is the resolution subject to challenge by referendum? We shall take up these questions in turn.

## I. Is the Resolution Void?

In a separate case decided in 1990, the trial court determined that Macedonia could lease the land at issue to an entity that will operate a public golf

---

3. Arceci moved on behalf of all defendants-respondents. Nevertheless, Heritage filed its own motion for summary judgment. Heritage also filed its own appellate brief, in which it incorporated the arguments of Arceci's brief.

course. In the case at bar, the trial court found that in the prior case Macedonia had vindicated public rights against a taxpayer challenge and that the judgment rendered in the prior case thus barred as *res judicata*[4] all future actions by a taxpayer relating to the zoning of the property. Perona raises no challenge on appeal to the trial court's determination.

## II. Is the Resolution Subject to Referendum?

Resolution 9–1997 was passed as an emergency resolution. An ordinance properly enacted as an emergency measure is not subject to referendum. *State ex rel. Fostoria v. King* (1950), 154 Ohio St. 213, 219–221, 43 O.O. 1, 4–5, 94 N.E.2d 697, 700–701. Perona argues that the resolution is subject to referendum and therefore mandamus should lie to compel Arceci to forward the committee's petitions for a referendum to the Summit County Board of Elections. The resolution is subject to referendum for two reasons, according to Perona: (1) the resolution was not properly enacted as an emergency measure, and (2) by empowering the mayor to grant a franchise on behalf of the city, the resolution went beyond the scope of permissible emergency resolutions.

The trial court found that, pursuant to the resolution, the mayor entered into a contract with Heritage on March 18, 1997. The petitions were not delivered to Arceci until the following day. Neither a legislature nor an electorate is free to impair a city's ability to perform its obligations under a binding contract. See *Middletown v. Ferguson* (1986), 25 Ohio St.3d 71, 76–77, 25 OBR 125, 129–131, 495 N.E.2d 380, 384–386, certiorari denied (1987), 479 U.S. 1034, 107 S.Ct. 883, 93 L.Ed.2d 837; *State ex rel. Bond v. Montgomery* (1989), 63 Ohio App.3d 728, 735, 580 N.E.2d 38, 42–43. Perona does not challenge the reasoning or conclusion of the trial court on this point. We agree with the trial court and affirm its refusal to grant a writ of mandamus to compel the transfer of the petitions to the Summit County Board of Elections. The issues of whether the resolution was properly enacted as an emergency measure or improperly granted a franchise are rendered moot by our determination that the referendum sought by Perona would unconstitutionally impair a binding contract.

---

4. "It has long been held that the legal doctrine of *res judicata* consists of two related concepts—claim preclusion and issue preclusion." *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 392, 395, 692 N.E.2d 140, 144. The concept of issue preclusion was applied by the trial court. "The doctrine of issue preclusion * * * holds that a fact or point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Id.*

**20**

Perona's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DICKINSON and MILLIGAN, JJ., concur.

JOHN R. MILLIGAN, JR., J., retired, of the Fifth Appellate District, sitting by assignment.