DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, City of Green, appeals from the judgment of the Summit County Court of Common Pleas denying its motion to vacate judgment without a hearing. This Court reverses and remands.
 I. {¶ 2} Appellee, Green Pointe Development, Inc., filed a complaint against Appellant on February 11, 2003. In its complaint, Appellee sought a declaratory judgment that the zoning of its property as R-1 residential was unconstitutional. On July 10, 2003, Appellee's complaint was dismissed with prejudice when the parties reached a settlement agreement. Pursuant to the agreement, Appellee would be able to construct a professional office building on the property.
 {¶ 3} In order to authorize the settlement, the city council of Green passed a resolution, Resolution No. 2003-R22, on June 10, 2003. The resolution purported to authorize the City's law director to execute the agreed judgment entry in this matter. Subsequent to the passage of the Resolution, citizens of Green sought to place a referendum on the ballot in order to halt the application of the Resolution. The citizens were successful, and the issue appeared on the ballot for the general election held on November 4, 2003. The issue read: "Shall Resolution No. 2003-R22 (amended 5/27/03) which approved the settlement of litigation with Green Pointe Development, Inc. be approved?" A majority of Green voters voted "No" in response to this issue. As such, Resolution No. 2003-R22 never became effective.
 {¶ 4} Due to the election results, Appellant filed a motion to vacate the parties' agreed judgment entry pursuant to Civ.R. 60(B)(5). In support of its motion, Appellant attached a copy of the Resolution along with a certified copy of the election results. Appellee opposed the motion, claiming that a referendum could not be utilized to impair a binding contract relying onState ex rel. Perona v. Arceci (1998), 129 Ohio App.3d 15. The trial court denied Appellant's motion without a hearing. Appellant timely appealed, raising two assignments of error.
 II. ASSIGNMENT OF ERROR I
"The Trial Court erred in not holding a hearing on Appellant's Civ. R. 60(B) motion for relief from judgment."
 {¶ 5} In its first assignment of error, Appellant contends that the trial court erred in failing to conduct an evidentiary hearing before ruling on Appellant's motion to vacate judgment. This Court agrees.
 {¶ 6} This Court reviews a trial court's denial of a motion to vacate for an abuse of discretion. Turowski v. AppleVacations, Inc., 9th Dist. No. 21074, 2002-Ohio-6988, at ¶ 6. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 7} A "trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." Kay v. Glassman (1996),76 Ohio St.3d 18, 19. Thus, "[i]f the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion." Coulson v. Coulson (1983),5 Ohio St.3d 12, 16, quoting Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 105.
 {¶ 8} In the instant case, Appellee avers that Appellant failed to present sufficient operative facts that would warrant relief from judgment because Appellant did not provide the trial court with the date that the petition for referendum was filed. This Court finds that Appellee's argument lacks merit.
 {¶ 9} In support of its motion to vacate, Appellant provided the trial court with the Resolution in question and with a certified copy of the elections results that pertained to the referendum. R.C. 731.29 provides that a petition for referendum shall be filed within thirty days of a measure being passed by a legislative authority. In this matter, no one has ever contested that the referendum was validly placed on the ballot. The Green City Council passed the Resolution on June 10, 2003. As such, the trial court was placed on notice that the petition for referendum must have been filed before July 10, 2003.
 {¶ 10} By filing the petition, the residents of Green effectively "suspended [the resolution] from becoming law until the results of the referendum [were] announced." Dandino v.Hoover (1994), 70 Ohio St.3d 506, 509. Further, once the Resolution was defeated by referendum, it never became law. Id. See also R.C. 731.29. In the instant matter, the agreed journal entry was journalized on July 10, 2003, necessarily after the referendum petition had been filed, suspending the enactment of the Resolution. As such, the Law Director of the City of Green did not have the authority to enter into the agreed judgment entry. Therefore, Appellee's assertion that a referendum may not be utilized to impair contract rights is inapplicable because no valid contract was formed between the parties.
 {¶ 11} "[W]here a party properly demonstrates that his attorney was without authority to settle or compromise a claim or defense, then the party may seek to vacate that judgment pursuant to Civ.R. 60(B)(5)." Sperry v. Hlutke (1984),19 Ohio App.3d 156,159. We find the same logic to be applicable here. Appellant provided the trial court with evidentiary materials that indicated that the Resolution never became law and that the Law Director was without authority to enter into a settlement. Thus, in its motion to vacate, Appellant provided operative facts which would warrant relief under Civ.R. 60(B). Kay,76 Ohio St.3d at 19. Therefore, the trial court abused its discretion in failing to conduct an evidentiary hearing on Appellant's motion to vacate. Coulson, 5 Ohio St.3d at 16. Accordingly, Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II
"The trial court erred in denying appellant's motion for relief from judgment."
 {¶ 12} Given this Court's resolution of Appellant's first assignment of error, Appellant's second assignment of error is moot, and this Court declines to address it. See App.R. 12(A)(1)(c).
 III. {¶ 13} Appellant's first assignment of error is sustained, and Appellant's second assignment of error is moot. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, P.J., Batchelder, J., concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)