## OHIO POWER CO v DAVIDSON et

Ohio Common Pleas, Columbiana County

No 24497. Decided Oct 25, 1933

W. H. Vodrey, East Liverpool, for plaintiff.

George L. Lafferty, Lisbon, and Louis Tobin, for defendants.

## OPINION

By LONES, J.

Sec 4227-6 GC provides in so far as it is applicable to this case that whoever seeks to propose an ordinance in a municipality by initiative petition "shall before circulating such petition file a duly verfied copy of the proposed ordinance or measure with the city auditor if it be a city."

The requirement that a duly verified copy of the proposed ordinance be filed with

the auditor before the petition is circulated is mandatory and not merely discretionary. Substantial compliance with this provision is essential to the validity of the petition and to the jurisdiction of the board to submit the proposed ordinance to the electors.

See **Cincinnati v Hillenbrand, 103 Oh St 286;**

**The Hocking Power Company v Harrison, 20 Oh Ap, 135;**

**Ohio Valley Electric Railway Company v Haggerty, 14 Oh Ap, 398.**

It is contended by counsel for the circulators of the petition that the statement made by them at the time the copy of the proposed ordinance was handed to the Auditor was a substantial compliance with the law. Whether it was or not depends upon the correct construction of the words "duly verified copy of the proposed ordinance," taken in connection with the remainder of the section. Although generally verification is by affidavit written on the paper to be verified, yet, I believe a certificate or statement of the circulators written on the copy certifying or stating, among other things, that it is a true copy and signed by them or one or more of them would be a substantial compliance with the above mentioned provision of the statute. But it must be written on the copy. A mere copy filed without proof written on it that it was a true copy, would not inform any interested person who would call to examine it that it was a true copy. An automobile bill of sale, or a copy of a recorded deed, or a copy of any paper could not be called a certified copy unless the certificate that it is a true copy is written on or attached to the paper. I do not believe that anyone, whether he be lawyer or layman, would seriously contend that a purported copy of any paper would be a "duly verified copy" unless verification, whether it be in the form of a statement or certificate or affidavit, would appear on the paper or attached to it.

The statement of the circulators to the Auditor that, "Now here is a proposed copy of this initiative ordinance that we understand is to be filed with you", is not a statement that it is a true copy, but on the contrary it is a statement that it is only a proposed copy, and even if this statement had been written on the copy and signed by the circulators it would not, for the above stated reason, be a sufficient verification to be a substantial compliance with the statute in question. But conceding it would be a sufficient compliance if written on the copy and signed, it was not so written on the copy.

This petition is signed by, if I correctly remember, more than thirteen hundred electors of East Liverpool, and when so many desire a vote on the question they should have it. But in order to have such election the sponsors must comply with the statute which fixes certain conditions precedent to the right to have it. They have not done so.

In order to hold that the board of elections have the power to submit the proposed ordinance to a vote, it would be necessary, in this case, to eliminate from the statute the words "duly verified," which this court does not have the power to do.

It would not have been difficult to have complied with the law applicable to this case. It is simple and easy to understand, and it would have required but little effort to have duly verified this copy as required by law.

The law provides for the filing of a "duly verified copy," and it is not complied with by filing only a copy. The plain words of the statute are not a "copy" merely, but a "duly verified copy."

The demurrer to the answer is sustained. If defendant Board does not wish to plead further the injunction will be made permanent. If it desires to plead further it will be allowed ten days to file an amended answer.

Bond for appeal fixed at one hundred dollars. Exceptions noted.