### GARZIA v MURRAY, Auditor, et

Common Pleas Court, Lake Co.

No. 17369. Decided May 31, 1940.

John M. Parks, Painesville, for plaintiff.

Paul J. Brady, city solicitor, Painesville, for defendants.

### OPINION

By SLOCUM, J.

In the petition in this case a writ of mandamus is sought commanding John H. Murray, city auditor of Painesville, Ohio, to certify the referendum petitions filed to Ordinance No. 2069, to the supervisors of elections of Lake County, Ohio, and that a temporary restraining order be issued against the city manager of Painesville, prohibiting him from enforcing any of the terms or provisions of said ordinance until such time as said ordinance is submitted to the electors of Painesville for their approval or rejection.

This case was submitted on an agreed statement of facts, together with the testimony of one of the defendants, John H. Murray, the city auditor of Painesville, who also is the clerk of the city council, and also the testimony of one Thomas Condon.

The facts of the case are practically undisputed and the main question is based on §4227-6, GC, which provides as follows:

"Whoever seeks to propose an ordinance or measure in a municipality by initiative petition or file a referendum petition against any ordinance or measure shall before circulating such petion file a duly verified copy of the proposed ordinance or measure with the city auditor, if it be a city, or with the village clerk, if it be a village."

There is no dispute upon the facts that there was no duly verified copy of this ordinance filed by the plaintiff or anyone in his behalf, with John H. Murray, as city auditor, and the contention of the plaintiff is that this is a needless and useless thing inasmuch as Mr. Murray, as auditor, had the original ordinance in a bound volume of ordinances in his office and that he also had copies in his office available for the inspection of anyone who desired to see the same. The plaintiff therefore claims that it would be a useless and needless thing for him to have to file a verified copy of this ordinance with the city auditor.

The court, in order to grant the remedy sought in this type of case, must find that the petitioners have followed strictly the provisions of the statute or statutes applying thereto. The reasons for demanding a strict compliance with the statute are clearly stated by Judge Mauck in the case of **The Ohio Valley Electric Railway Co. v Hagerty, Auditor, 14 Oh Ap at page 398.** At page 400 of the opinion, the judge says:

"It is apparent that the affidavit above quoted is not in exact compliance with the statute, in that it does not show that the petitioners "signed such petition with knowledge of the contents thereof." The difference between the affidavit made and the requirements of the statute seems slight, and is, confessedly, technical. But the question is not to be disposed of by describing it as technical. If the general assembly has prescribed a condition that must be fully complied with before a referendum is had the province of the court is limited to ascertaining whether that condition has been met. * * * Such legislative act is nullified, if, upon a referendum, it fails to be approved by a majority of the electors voting thereon. Care was taken by the general assembly, as will be hereafter pointed out, to protect the voice of a majority, once an election is had, from being stifled by technical objections. The power and rights of a majority duly expressed at an election, however, are not to be confused with the power and rights of a minority seeking an election. It is not a majority, but ten per cent of the voting population that calls a referendum. This minority of one-tenth of the voters, by the filing of a proper petition, suspends the legislative action of the council until the next regular election. That is, this minority is given the power to suspend the legislative power of the council, representing all the people, for a period as short as forty days or as long as thirteen months and more. This extraordinary power. given so small a proportion of the voting public, it would seem, is not to be exercised by it except by a full and strict compliance with the statute from which that power is derived. It is a grant of a special right to the minority and can not be enlarged by construction."

The holdings of the courts in cases of like nature where the facts seem perhaps stronger in favor of the remedy sought than in this case, held against granting it.

In the case of **Newburg Railway Co. v French, 3 Abs 70,** a restraining order was sought to prevent the deputy state supervisors of elections of the county of Cuyahoga, from submitting to the electors of Cuyahoga Heights, a referendum which they proposed to submit, unless enjoined. The plaintiff contended that prior to the circulation of the referendum; the filing of the proposed ordinance with the village clerk is necessary, to be in compliance with §4227-6 **GC,** and that the supervisor's failure to do so is fatal to the validity of the referendum petition, and that they should be permanently restrained from submitting same to the voters at the next election. The deputy state supervisors maintained that the words of the statute are: to file a duly verified copy of the "proposed ordinance", and since the council of Cuyahoga Heights had already passed said ordinance how was it possible to classify it as being a proposed ordinance.

It might be stated that this is the identical argument used by counsel for the plaintiff in the case at bar.

The Court of Appeals held:

"The phrase 'proposed ordinance' relates to both an ordinance to be initiated and also to an ordinance passed by the council but upon which a referendum is sought. It has no force or effect and is dependent upon the action of the people, and until the decision is had by the voters it is properly denominated a proposed ordinance.

"Because of failure to comply with the statutory requirement the supervisors of election are permanently enjoined from submitting the proposal to the voters at the election."

In the case of **Ohio Power Company v Davidson, 15 Abs 487,** this case having originated in the Common Pleas Court of Columbiana County, and having also been affirmed in both the Court of Appeals of our district and in the Supreme Court, the court held that in the case of an initiative petition, that

"The requirement of §4227-6 **GC** that one seeking to initiate an ordinance in a city shall, before circulating a peti-

tion therefor, file a duly verified copy of the proposed ordinance or measure with the auditor of the city is mandatory and must be substantially complied with."

And also that:

"The oral statement of one seeking to initiate an ordinance in a city, to the auditor, that 'here is a proposed copy of this initiative ordinance that we understand is to be filed with you,' is not a statement that it is a true copy and is not a substantial compliance with the requirement of §4227-6 GC that such petition must be verified."

Thus it is to be noted in this last case that a copy of the ordinance was actually filed, whereas in the case at bar none was filed by the petitioner.

The Attorney General of Ohio has also ruled on this specific question, his opinion being given in Volume 1 of the opinions of the Attorney General for the year 1919 at page 945. The syllabus of his opinion reads as follows:

"The provisions of §4227-6 GC that a duly verified copy of an ordinance shall be filed with the city auditor or village clerk before circulating a referendum petition, is mandatory and jurisdictional."

It is perhaps unnecessary to say, in the light of these decisions, that because the court may feel that the voters of the city of Painesville should be given an opportunity to have this ordinance submitted to them by referendum, that he can rule in direct violation of the provisions of the statute and the decisions of the courts thereon.

To give a rather homely illustration, let us suppose a football game is going on and that the side holding the ball attempts to kick the point after touchdown. The rules, as we all know, provide that the ball must go between the uprights and over the crossbar of the goal posts. A beautiful kick is made, but the ball just goes outside the upright. It is of course no goal. Likewise, in the case at bar the petitioner,

as well as his counsel, has made honest and sincere efforts to comply with the statute in question, but they did not kick the ball between the uprights and over the bar, and the court can no more give him the relief sought than the umpire in a football game could call the magnificent kick a goal.

In other words, the Legislature has provided certain definite rules that must be followed to entitle the petitioner to the relief sought. The court by its opinion can not change these rules. It would therefore appear that the only available remedy for this petitioner now lies in the discretion of the city council, for it can, by duly repassing the ordinance in question, give an opportunity for a proper filing of a duly verified copy of the ordinance with the city auditor before circulating such petitions as required by law.

Prevailing counsel will therefore draw a journal entry in accordance with this opinion finding for the defendants, and submit the same to opposing counsel and the court for approval, noting proper exceptions.