EDWARD ROSE OF OHIO, INC., ET AL., APPELLEES, *v.* McLAUGHLIN, APPELLANT.

[Cite as Edward Rose of Ohio v. McLaughlin (1970), 22 Ohio App. 2d 190.]

(No. 3483—Decided March 23, 1970.)

*Messrs. Estabrook, Finn & McKee* and *Mr. Robert P. Bartlett, Jr.,* for appellees.
*Messrs. Baggott, Logan & Gianuglou,* for appellant.

CRAWFORD, J. Plaintiffs, appellees herein, are the owners of certain real estate in the city of Centerville. On March 3, 1969, the city of Centerville enacted Ordinance No. 22-68, amending Ordinance No. 15, rezoning a portion of plaintiffs' property.

On or about March 31, 1969, a petition for referendum of the new ordinance, purporting to bear the names of 479 electors, was filed with the defendant, clerk of council, demanding that the ordinance be submitted to the electors at the general election in November 1969.

Plaintiffs filed a suit for an injunction to prevent defendant from certifying the referendum petition to the board of elections. The Court of Common Pleas granted a permanent injunction. The case is now before us on an appeal on questions of law and fact.

The case is presented upon stipulations of facts, including those set forth above, and also the following:

Centerville became a city on December 20, 1968, and adopted a charter, a copy of which was attached to the stipulations; the charter does not provide for a city auditor, and there is none; it does provide for a director of finance, and outlined his duties which include those ordinarily performed by a city auditor; the finance director serves part time and has no regular office hours; the department of finance has a clerk-typist who is on duty regularly at the municipal building.

On March 11, 1969, one of the circulators of the referendum petition refiled Ordinance No. 22-68 with the defendant, clerk of council.

The circulators of the referendum petition have not

filed the sworn itemized statement provided for in Section 731.35(A), Revised Code.

A number of challenges to the validity and regularity of the petitioners' procedure have been raised. The basic and determinative question is whether the refiling of the Ordinance No. 22-68 with the defendant, clerk of council, on March 11, 1969, and the filing with her of the referendum petition on or about March 31, 1969, comply with Sections 731.32 and 731.29, Revised Code, respectively, which require that these be filed with the "city auditor or the village clerk."

It is well settled that such statutory filings in initiative and referendum procedures are mandatory. *State, ex rel. Mika,* v. *Lemon* (1959), 170 Ohio St. 1; *Hocking Power Co.* v. *Harrison* (1925), 20 Ohio App. 135; *Garzia* v. *Murray* (Common Pleas 1940), 33 Ohio Law Abs. 85; *Ohio Power Co.* v. *Davidson* (Common Pleas 1933), 15 Ohio Law Abs. 487; *Hopkins* v. *Marburger* (1933), 31 N. P. (N. S.) 171.

Section 1f of Article II of the Constitution provides:

"The initiative and referendum powers are hereby reserved to the people of each municipality on all questions which such municipalities may now or hereafter be authorized by law to control by legislative action; such powers shall be exercised in the manner now or hereafter provided by law."

Section 5.07 of the Charter of the City of Centerville provides that the state statutes shall govern.

The charter, in addition to setting forth the specific duties of the director of finance, which include those ordinarily exercised by a city auditor, abolishes the office of clerk-treasurer and transfers its financial functions to the director of finance and its clerical functions to the clerk of council.

The particular question in this case is whether the filings with the defendant, clerk of council, meet the statutory requirements that they be filed with the city auditor or village clerk. The director of finance being the auditor in fact, although not in name, the required filings must be made with him. The defendant, as clerk of council, does not

have these duties and has not been substituted for the auditor, either by the charter or by the statutes. If the duties of city auditor had been assigned to defendant, clerk of council, then the filings with her would have complied with the law.

Two Supreme Court cases have been cited in which, although the decisions did not turn upon the point, it was implied that where there is no city auditor any proposed ordinance and any initiative or referendum petition must be filed with the official to whom the duties of auditor have been assigned—that is, with the auditor in fact, whatever his official title.

In *State, ex rel. Blackwell,* v *Bachrach* (1957), 166 Ohio St. 301, it was held that Section 731.28, Revised Code (pertaining to initiative), and Section 731.32, Revised Code, do not apply in the case of an initiative petition to amend a city charter, because that particular proceeding is governed by Section 9, Article XVIII of the Constitution. However, the court first discussed the procedure for initiative and referendum of an ordinance, stating:

"Although the city of Cincinnati has neither an auditor nor clerk, the finance director of Cincinnati performs the duties customarily performed by such designated officials."

In *State, ex rel. Mika,* v. *Lemon* (1959), 170 Ohio St. 1, referendum petitioners failed because they "did not file with the city auditor or clerk a verified copy of the ordinance on which referendum was sought before circulating his [their] referendum petition." However, the attempted filings were with the city clerk. The court implied that had the documents proffered been in order, the city clerk was the one with whom they were to be filed, because, after repeating the passage which we quoted above from the *Bachrach case,* it added:

"Here, it has been stipulated that the City Clerk of the City of Youngstown performs the duties customarily performed by the officials designated in Section 731.32, Revised Code."

In an annexation case not directly applicable here,

the Sixth District Court of Appeals used the term "city treasurer as ex officio auditor." *Toll* v. *Schaeffer,* 113 Ohio App. 221, 224.

The defendant, appellant herein, contends that inasmuch as the purpose of filing the proposed ordinance and the referendum petition is that the citizens may be fully informed (see *State, ex rel. Winters,* v. *Applegate* [App. 1963], 93 Ohio Law Abs. 277) it would be better to file them with the defendant, a full-time employee.

Who should be designated as the repository for such filing is a question for the Legislature to decide. They named the auditor. In other instances and for other purposes they and other legislative authorities have sometimes designated a clerk or other official similar purposes.

The Constitution says that these things must be done according to law. According to law, they must be filed with the auditor. In the absence of an official so named, they must be filed with the auditor in fact.

If petitioners were free to file these documents whereever they thought would be most conspicuous and accessible, they might post them on an outdoor bulletin board at city hall where all could read them 24 hours each day. But this would be wholly ineffective, because not done according to law; and it would be utterly confusing, because no one relying upon the law would look there.

Filing with the clerk of council was not in compliance with the law; that official is not authorized to certify the petition to the board of elections.

The injunction should be continued.

*Judgment accordingly.*

KERNS, P. J., and SHERER, J., concur.