THE STATE, EX REL. DONAHUE, APPELLANT, *v.* CITY OF
BELLBROOK ET AL., APPELLEES.

(No. 75-629—Decided October 29, 1975.)

*Mr. John W. Donahue, pro se.*

*Messrs. Wead & Aultman* and *Mr. Philip Aultman,* for appellees.

PAUL W. BROWN, J. The single issue presented by this appeal is whether the filing of a referendum petition with the clerk of the Bellbrook council constituted compliance with the pertinent sections of the Bellbrook charter and the Ohio Revised Code.

Section 5.08(c) of the Bellbrook charter provides that "* * * ordinances may be proposed and submitted to popular vote by initiative and referendum under the procedure set forth in the Ohio Revised Code."

R. C. 731.29 requires that:

"When a petition signed by ten per cent of the number of electors who voted for Governor at the next preceding general election for the office of Governor in the municipal corporation, is filed with the *city auditor or village clerk* within thirty days after any ordinance or other measure is filed with the mayor or passed by the legislative authority of a village * * *, ordering that such ordinance or measure be submitted to the electors of such municipal corporation for their approval or rejection, such auditor or clerk shall, after ten days, and not later than four p. m. of the ninetieth day before the day of election, certify the text of the ordinance or measure to the board of elections. * * *" (Emphasis added.)

The requirement of R. C. 731.29 is clear and explicit. If a municipality is a village, a referendum petition must be filed with the village clerk. If a municipality is a city, a referendum petition must be filed with the city auditor. In the absence of an official specifically designated village clerk or city auditor, a referendum petition must be filed

with the official who in fact performs the duties of clerk or auditor. *Edward Rose of Ohio* v. *McLaughlin* (1970), 22 Ohio App. 2d 190. See *State, ex rel. Blackwell* v. *Bachrach* (1957), 166 Ohio St. 301; *State, ex rel. Mika,* v. *Lemon* (1959), 170 Ohio St. 1.

Bellbrook adopted its charter on November 2, 1971, effective January 1, 1972. At that time, the municipality was a village.

On January 16, 1974, by proclamation of the Secretary of State, Bellbrook became a city.

The adoption of ordinance No. 74-31, the circulation of the referendum petition, and the presentation of the petition to the clerk of council, all occurred subsequent to January 16, 1974.

At all times pertinent to the present action, therefore, Bellbrook was a city, and compliance with R. C. 731.29 required filing the referendum petition with the city auditor, or, absent an official so designated, with the official who in fact performed the duties of city auditor. In Bellbrook, pursuant to charter section 7.06,* that official was the director of finance. As a consequence, filing with the clerk of council was ineffective to qualify the proposed referendum for the ballot.

Because appellant has shown no clear legal right to the relief requested, the judgment of the Court of Appeals, denying the writ of mandamus, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.

---

*Section 7.06 of the Bellbrook charter provides, in part:

"The director of finance, after consultation with the state Examiner, shall establish accounting systems and procedures to conform to state law. The director of finance shall be responsible for accounting, collection and custody of public funds, and control over disbursements. He shall advise the manager and the council concerning the financial condition of the municipality of Bellbrook. He shall countersign all bonds and notes issued by the municipal corporation of Bellbrook and shall perform other functions as may be assigned by the administrative code or by order of the manager."