554

THE STATE EX REL. BOGART *v.* CUYAHOGA COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Bogart v. Cuyahoga Cty.*
*Bd. of Elections* (1993), 67 Ohio St.3d 554.]

(No. 93–1575–Submitted and decided September 16,
1993–Opinion announced October 14, 1993.)

*Kahn, Kleinman, Yanowitz & Arnson Co., L.P.A., Armond D. Arnson, Sheldon Berns* and *Benjamin J. Ockner,* for relator.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, *Patrick J. Murphy* and *Michael P. Butler,* Assistant Prosecuting Attorneys, for respondent.

---

*Per Curiam.* R.C. 731.28 through 731.41 set forth a statutory procedure for municipal initiative and referendum. R.C. 731.32 requires, in cities, that those who propose a referendum on an ordinance must file a certified copy of the ordinance with the city auditor before circulating the referendum petition. Beachwood has a city auditor. The Committee to Preserve Beachwood did not file a certified copy of the ordinance with the auditor, but filed it instead with the clerk of council/director of finance. Hence, relator argues, there was no compliance with the statute, as required by this court's decision in *State ex rel. Citizens for a Better Beachwood v. Cuyahoga Cty. Bd. of Elections* (1991), 62 Ohio St.3d 167, 580 N.E.2d 1063.

In *Citizens for a Better Beachwood,* we found that Beachwood had adopted a Charter prescribing referendum procedures somewhat different from those prescribed by R.C. 731.28 through 731.41, but held that (1) R.C. 731.32 still applied to the city because it had not adopted a specific procedure which conflicted with that statute, and (2) Article I of the city charter incorporated the law of Ohio by reference, except where it conflicts with the charter.

We adhere to our decision in *Citizens for a Better Beachwood.* The Beachwood Charter dictates compliance with R.C. 731.32. R.C. 731.32 requires the filing of a certified copy of an ordinance with the city auditor before circulating the petition. That was not done in this case. Therefore, we allow the writ and compel respondent to allow relator's protest and reject the petition.[1] Respondent's motion for summary judgment is, accordingly, overruled.

*Writ allowed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.

PFEIFER, J., dissenting. There was substantial compliance with R.C. 731.32 in this case. R.C. 731.41 allows home-rule variations on the requirements of R.C.

---

1. The parties do not argue the propriety of thus using the writ of mandamus in effect to enjoin the board of elections. We note there is precedent for such a use of the writ. See *State ex rel. Burech v. Belmont Cty. Bd. of Elections* (1985), 19 Ohio St.3d 154, 19 OBR 437, 484 N.E.2d 153.

731.28 to 731.40. In Beachwood, for instance, Section 2(b), Article IV of the city charter assigns the duty to receive and validate the sufficiency of referendum petitions to the clerk of council, rather than to the city auditor as provided in R.C. 731.29. The city charter also states in Section 4, Article III that the clerk of council "shall * * * authenticate all records, documents and instruments of the Municipality on which authentication is properly required by law." R.C. 731.32 requires authentication of the certified copy of the referendum petition.

There is nothing magical in R.C. 731.28 to 731.40 about the auditor's position that would not allow a municipality to assign that role to some other official through a home-rule variation. The auditor does not have a unique ability to breathe life into the referendum process, but rather has just been designated by statute as the person to oversee the process. Beachwood has made it clear in its charter that the clerk of council is to oversee the referendum process in that city. Since Beachwood has the right to make such a home-rule variation pursuant to R.C. 731.41, the clerk of council was the proper person with whom to file the certified copy of the referendum petition.

The majority decision prevents popular sovereignty on a referendum for extremely technical and insufficient reasons. I would deny the writ and would grant respondent's motion for summary judgment. The election should be held.