DECISION AND JUDGMENT ENTRY
This is an appeal from the grant of summary judgment to defendant/respondent-appellee, the city of Perrysburg ("Perrysburg") by the Wood County Court of Common Pleas. Plaintiffs/relators-appellants, Cornelius Therrien, Michael Cunningham, Stephanie Pegorch and Carol Byatt ("appellants"), appeal that judgment and ask this court to consider the following assignments of error:
 "THE COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
 "THIS STATE OF OHIO HAS EXCLUSIVE RIGHTS TO REGULATE HUNTING ACTIVITY AND CONVERSELY THE CITY OF PERRYSBURG HAS NO AUTHORITY TO REGULATE HUNTING ACTIVITIES, AND IT WAS THEREFORE ERROR TO GRANT APPELLEES [sic] SUMMARY JUDGMENT MOTION."
Initially, we must address appellants' request for judicial notice of relevant Ohio statutes and regulations, the Ohio Constitution, the Charter of the city of Perrysburg, and certain Perrysburg Ordinances. Civ.R. 44.1(A) provides, in material part, that: "(1) Judicial notice shall be taken of the * * * public statutory law of this state." The rule includes judicial notice of constitutions, municipal ordinances, administrative regulations and local rules of court. Civ.R. 44.1(A)(2). Thus, this court, as did the trial court, takes judicial notice of the statutes, ordinances, charter and regulations necessary for the determination of this appeal. See Items A, B, B [sic] actually C, F, G, H, and J in appellants' "AMENDED REQUEST FOR JUDICIAL NOTICE." As to the remaining items listed in appellants' request, they are either facts that can be determined from a review of the record of this case, are contained in the stipulation of facts by the parties or are legal conclusions not subject to judicial notice. See Evid.R. 201.
Accordingly, appellants' request for judicial notice is found well-taken, in part, and not well-taken, in part.
In recent years, the city of Perrysburg experienced an increased number of deer within the city limits. After consulting with the state of Ohio Division of Wildlife and obtaining its endorsement of a plan for the reduction of that deer population, the Perrysburg City Council, on October 6, 1998, enacted Perrysburg Ordinance No. 133-98, which permits deer hunting within the city of Perrysburg in limited instances. After the passage of the ordinance, appellants circulated petitions requesting a referendum with regard to Perrysburg Ordinance No. 133-98. On November 5, 1998, the referendum petitions were presented to the Perrysburg Municipal Clerk. However, the petitions were rejected because appellants failed to comply with R.C. 731.32, a statute that requires any individual seeking a referendum against an ordinance to file a certified copy of the ordinance with the city auditor or village clerk prior to circulating such a petition. It is undisputed that during November and December 1998, a deer hunt, as authorized by Perrysburg Ordinance No. 133-98, took place within the municipal limits.
Appellants subsequently commenced this action seeking, inter alia, a writ of mandamus ordering the Perrysburg Municipal Clerk to certify petitions seeking a referendum on Perrysburg Ordinance No. 133-98. In addition, appellants' complaint asked the trial court to enjoin Perrysburg from implementing the ordinance and for a judgment declaring that Perrysburg lacks the authority to enact an ordinance regulating deer hunting within the city of Perrysburg and/or declaring that Section 2.0, Article XI, of the Perrysburg Charter prevailed over R.C. 731.32. The parties each filed a motion for summary judgment. After a hearing on the motions, the trial court granted summary judgment to Perrysburg. This appeal followed.
This court engages in a de novo review of the lower court's grant of summary judgment. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Civ.R. 56(C) provides that summary judgment can be granted only if (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus.
Appellants' first assignment of error addresses the grant of summary judgment on their claim of entitlement to a writ of mandamus, as well as a request for a declaratory judgment stating that Section 2.0, Article XI, of the Perrysburg Municipal Charter prevails over R.C. 731.32.
A writ of mandamus is warranted when: (1) the relator has a clear legal right to the relief prayed for; (2) the respondent is under a clear legal duty to perform the requested act; and (3) the relator has no plain and adequate remedy at law. State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28, 29.
Under their first assignment of error, appellants argue that Section 2.0, Article XI, of the Perrysburg Charter supplants the requirements of R.C. 731.32. Because this section of the charter does not mandate the filing of the challenged ordinance prior to circulating a petition, appellants contend, in essence, that they had a legal right and the Perrysburg Municipal Clerk had a clear legal duty to accept their petitions.
Sections 3 and 7, Article XVIII, Ohio Constitution' provide that a chartered municipality possesses the power of local self-government. If a portion of a municipal charter expressly conflicts with parallel state law, the charter provisions will prevail. State ex rel. Fenley v. Kyger
(1995), 72 Ohio St.3d 164, 165; Sections 3 and 7, Article XVIII, Ohio Constitution. In the present case, Section 2.0, Article XI, of the Perrysburg Charter governs the procedure to be followed by electors seeking a referendum against a recently enacted ordinance or resolution. Notably, however, this section of the charter is silent as to the requirement of filing a certified copy of the challenged ordinance prior to the circulation of petitions against that ordinance. Thus, there is no conflict between the charter and the statute; therefore, the charter does not supersede the requirements of the statute.
Furthermore, as in State ex rel. Citizens for a Better Beachwood v.Cuyahoga County Bd. of Elections (1991), 62 Ohio St.3d 167, the Section 4.0, Article XI, of the Perrysburg Charter contains a provision mandating satisfaction of the "requirements of the general law regulating * * * referendum petitions * * * except as otherwise provided in this Charter." Accordingly, as in Beachwood, appellants were required to comply with R.C. 731.32[1]. Id. at 169-170. They did not do so. Consequently, the Perrysburg Municipal Court had no clear legal duty to accept the offered petitions, State ex rel Mika v. Lemon (1959), 170 Ohio St. 1, paragraph two of the syllabus, and the trial court did not err in granting summary judgment to Perrysburg on appellants' petition for writ of mandamus[2]. Appellants' first assignment of error is found not well-taken.
In their second assignment of error, appellants contend that the trial court erred in granting summary judgment on their declaratory judgment action with regard to whether Perrysburg lacked the authority to enact an ordinance regulating the hunting of deer within the state of Ohio. Appellants allege that, pursuant to R.C. 1531.02, the state has the exclusive authority to regulate the hunting of animals within its boundaries.
Initially, the trial court determined that appellants lacked standing to seek a declaration of rights under R.C. Chapter 731 and the pertinent regulations promulgated under that statute. We agree.
To obtain relief under the Declaratory Judgment Act, R.C. Chapter 2721, appellants were required to establish that: (1) a real controversy exists between the parties; (2) the controversy is justiciable; and (3) speedy relief is necessary to preserve the rights of the parties. BurgerBrewing Co. v. Ohio Liquor Control Com. (1973), 34 Ohio St.2d 93, 97;R.A.S. Entertainment, Inc. v. Cleveland (1998), 130 Ohio App.3d 125,128. A judge may dismiss an action for declaratory judgment without addressing the merits of the case if: "(1) there is neither a justiciable issue nor an actual controversy between the parties requiring speedy relief to preserve rights which may otherwise be lost or impaired; or (2) in accordance with R.C. 2721.07, the declaratory judgment will not terminate the uncertainty or controversy." Halley v. Ohio Co. (1995),107 Ohio App.3d 518, 524 (citations omitted.)
As noted by the trial court, appellants do not appear to have any legally protected interest, either a pecuniary or ownership interest, in the deer management program. See In Defense of Deer v. ClevelandMetroparks (Dec. 7, 1998), Cuyahoga App. No. 75620, unreported. The ownership and title to all wild animals within this state is in the state of Ohio which holds title in trust for the benefit of all its citizens. R.C. 1531.02. Pursuant to R.C. 1531.08, the Chief of the Division of Wildlife has the "authority and control in all matters pertaining to the protection, preservation, propagation, possession, and management of the wild animals" including regulatory power. R.C. 1531.08. Additionally, the legislature specifically granted the wildlife division the power and authority to "enforce by proper legal action or proceeding the laws of this state and division rules for the protection, preservation, propagation, and management of wild animals * * *, and adopt and carry into effect such measures as it considers necessary in the performance of its duties." R.C. 1531.04(C). Based on this statutory scheme, appellants have no legally cognizable interest in the wild deer nor do they have the right to pursue an action as it relates to protection, preservation, propagation, and management of the wild deer. See InDefense of Deer v. Cleveland Metroparks (June 8, 2000), Cuyahoga App. No. 75760, unreported. Accordingly, neither a controversy nor a justiciable issue exists between appellants and the city of Perrysburg because they have not established rights or legal interests of their own in the wild deer or in wild deer management. Id. Therefore, we need not address the merits of the arguments raised by appellants in their second assignment of error and that assignment is found not well-taken.
The judgment of the Wood County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal.
Therrien, et al. v. City of Perrysburg, et al., C.A. No. WD-00-017
 ____________________________ Melvin L. Resnick, J.
 Richard W. Knepper, P.J., George M. Glasser, J., JUDGES CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Appellants assert that Perrysburg is "estopped" from applying R.C.731.32 because the statute provides that the certified copy of the ordinance must be filed with the "city auditor or the village clerk" and Perrysburg does not have a city auditor. However, if a city does not have an official designated as auditor, then the filing pursuant to R.C. 731.32
must be made "with the official who in fact performs the duties of city auditor." State ex rel. Donahue v. Bellbrook (1975), 44 Ohio St.2d 36, syllabus; Edward Rose of Ohio v. McLaughlin (1970), 22 Ohio App.2d 190,192-193. In an undisputed affidavit, David Creps, the Municipal Clerk and Finance Director of the city of Perrysburg, avers that he functions as the City Auditor. Thus, this argument is without merit.
In addition, appellants contend that the clerk's office has a verified copy of all of the Perrysburg ordinances on file, thereby dispensing with the need to file a certified copy of the challenged ordinance prior to circulating their petitions for a referendum against Perrysburg Ordinance No. 133-98. This contention is also without merit. The terms of R.C.731.32 are mandatory, State ex rel Mika v. Lemon, at paragraph two of the syllabus, and the court's sole task is a determination of whether those terms were met, The Ohio Valley Elec. Ry. Co. v. Hagerty (1921),14 Ohio App. 398, 400.
[2] It follows that the lack of conflict between the Perrysburg Charter and R.C. 731.32 also requires a grant of summary judgment to Perrysburg on this issue vis-a-vis appellants' declaratory judgment action.