OPINION
{¶ 1} This case is before the court as the result of a decision by the Clermont County Court of Common Pleas granting the request of appellees/cross-appellants, Charles J. Kubicki, et al., for a writ of prohibition preventing The Clermont County Board of Elections from submitting a referendum to the electorate on the November 8, 2005 election ballot. For the reasons below, we affirm the decision of the common pleas court.
 {¶ 2} Appellee/cross-appellant Kubicki is a developer of a commercial development known as River's Edge in the city of Milford, Clermont County, Ohio. Kubicki submitted an application for a zoning change for a parcel of real estate pursuant to the city of Milford zoning code. The parcel is adjacent to lot ten of the Milford commerce park and consists of approximately ten acres. Kubicki sought to re-zone the property from L-1 Light Industrial to B-3 PD General Business Planned Development District for use with adjoining property zoned B-3.
 {¶ 3} The Milford Planning Commission held a public hearing and considered the application on September 15, October 6, and November 10, 2004. The Planning Commission subsequently voted to recommend approval of the re-zoning application from L-1 Light Industry to B-23 PD General Business Planned Development. Ordinance 05-422 was prepared by the city of Milford Law Director and adopted by the Milford City Council on January 18, 2005.
 {¶ 4} Article XIII of the Milford City Charter provides for referendum and states that "ordinances adopted by council shall be subject to referendum according to the procedures now or hereafter provided by the laws of the state of Ohio." In the absence of local procedures on any subject covered by Chapter 731 of the Ohio Revised Code, state statutes apply. State ex rel. Barletta v. Fersch, 99 Ohio St.3d 295, 2003-Ohio-3629.
 {¶ 5} R.C. 731.29 provides that if the municipality involved is a city, a referendum petition must be filed with the city auditor. In the absence of an officially designated city auditor, the petition must be filed with the official who in fact performs the duties of auditor. Stateex rel. Donahue v. City of Bellbrook (1975), 44 Ohio St.2d 36. After the ordinance was adopted, the attorney for the citizens who opposed the zoning change, appellants/cross-appellees, Wilber Binning, et al., asked the city of Milford Law Director for the identity of the city of Milford's Director of Finance for the purpose of filing for a referendum. The law director stated that the referendum could be filed with the Clerk of the Milford City Council.
 {¶ 6} The attorney for citizens opposing the zoning change thereafter filed a copy of ordinance 05-422 and the proposed referendum petition with Joanne Trilety, Milford Clerk of Council, on January 19, 2005. After receiving the documents, Trilety placed them in the city safe, located in the office of the City of Milford's Director of Finance. The petition states "to the Clerk of Council of the city of Milford" on the first page and bears a signature line for the "Clerk of Council" on page 12. Despite protests that the petitions filed were invalid on their face for various reasons, on April 25, 2005 the Director of Finance certified the sufficiency and validity of the referendum petition to the board of elections.
 {¶ 7} Appellees/cross-appellants filed a protest with the Clermont County Board of Elections on April 28, 2005. The protest raised six issues, including failure to comply with R.C. 731.29 and 731.32, which require the filing of referendum documents with the city official performing the functions of city auditor in the city of Milford. Appellees/cross-appellants argued that the documents should have been filed with the Director of Finance, not the Clerk of Council.
 {¶ 8} The board of elections held a hearing on the protest, and it was denied. The board of elections did not address the portion of the protest that concerned whether the referendum petition and other documents were properly filed.
 {¶ 9} Appellees/cross-appellants then filed an action in the Clermont County Court of Common Pleas seeking declaratory and injunctive relief, and relief in the form of mandamus and prohibition. Appellees/cross-appellants sought an order invalidating the petitions and prohibiting the board of elections from placing the referendum on the November 8, 2005 ballot. As noted above, the common pleas court granted the request for a writ of prohibition, preventing the board of elections from submitting the referendum to the electorate. The basis of the court's decision was that the referendum documents should have been filed with the Milford Director of Finance, not the Milford Clerk of Council.
 {¶ 10} The common pleas court noted that the election statutes require that a referendum petition be filed with the city auditor, or the official who in fact performs the duties of an auditor if the municipality is a city. The parties had stipulated that the ordinance and the referendum petition were filed with the Milford Clerk of Council, that the Clerk of Council then placed the documents in the city safe located in the office of the Milford Director of Finance, and that the Director of Finance is the auditor-in-fact of the city of Milford.
 {¶ 11} Based upon the stipulations of the parties, applicable statutes and case law, the common pleas court found that Milford's Director of Finance, not its Clerk of Council, was the correct person with whom the referendum documents should have been filed. The court stated that "[d]espite the fortuitous location of the documents, the certified copy of the ordinance, the certified copy of the proposed petition, and the signed part-petitions were not filed with the correct city official."
 {¶ 12} The citizens opposing the zoning change thereafter filed this appeal, which seeks to overturn the decision of the common pleas court and cause the referendum to be placed on the ballot. Their single assignment of error states that the trial court erred "in issuing a writ of prohibition by holding that the referendum petitions were not in compliance with Revised Code Chapter 731." The citizens argue that to affirm the trial court would be to "elevate technical form over electoral substance and * * * to defeat Ohio citizens' prerogative to exercise their referendum rights."
 {¶ 13} A referendum petition must be filed with the city auditor if the municipality involved is a city. In the absence of an official specifically designated as city auditor, the referendum petition must be filed with the official who in fact performs the duties of auditor.Donahue. The parties stipulated that the Director of Finance is the auditor-in-fact in the city of Milford. Accordingly, there is no question that the director of finance, not the clerk of council, was the correct person with whom to file the referendum petition.
 {¶ 14} The Supreme Court of Ohio has clearly stated that election laws are mandatory and require strict compliance. State ex rel. Barletta v.Fersch, 99 Ohio St.3d 295, 2003-Ohio-3629. In this case, there was not strict compliance because the referendum petition was addressed to and delivered to the Clerk of Council, not the Director of Finance.
 {¶ 15} Kittyhawk v. Ritter (Jan. 20, 1976), Butler App. No. CA75070064, is distinguishable. In Kittyhawk, the appellants prepared and circulated referendum petitions seeking repeal of three zoning ordinances. The referendum petitions were improperly filed with the Clerk of the Middletown City Commission instead of the Middletown Finance Director. Upon receiving the petitions, the Clerk delivered the petitions to the Finance Director for safekeeping. The Clerk told the Finance Director about the petitions and placed them in a safe in the Finance Director's office.
 {¶ 16} That same night, the citizens who filed the petitions realized that they should have filed the petitions with the Finance Director. They proceeded to telephone the Finance Director and the Clerk that same night to try to rectify the problem. The Finance Director told the citizens that he would consider the documents as having been filed with him since the documents were in his office, and that he would provide them with a receipt the next day. The court of appeals found that the referendum petitions were properly filed with the Director of Finance because he knew he had possession of the documents, he was the correct official to have possession of the documents, and he acknowledged his possession of the documents on the same day that they were filed.
 {¶ 17} In this case, the referendum petition was not filed with the correct city official, and there was no timely acknowledgement by the correct city official that the documents had been filed. The petition involved was in fact addressed to the wrong city official. While the documents were placed in a safe located in the office of the correct official for safekeeping, this was merely a fortuitous circumstance, not sufficient to show that the documents were filed with or accepted by the correct official.
 {¶ 18} Based upon the foregoing, the assignment of error is overruled. The assignments of error raised in the cross-appeal are accordingly moot and need not be addressed. The judgment of the trial court is affirmed, costs to appellants/cross-appellees.
Young and Bressler, JJ., concur.