[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Columbus Coalition for Responsive Govt. v. Blevins,* Slip Opinion No. 2014-Ohio-3745.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3745

THE STATE EX REL. COLUMBUS COALITION FOR

RESPONSIVE GOVERNMENT ET AL., *v.* BLEVINS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Columbus Coalition for Responsive Govt. v. Blevins,* Slip Opinion No. 2014-Ohio-3745.]

*Elections—Initiative petition for municipal ordinance—R.C. 731.32—Strict compliance with requirement to file copy of proposed ordinance with city auditor.*

(No. 2014-1337—Submitted August 20, 2014—Decided August 29, 2014.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an expedited election action by relators, the Columbus Coalition for Responsive Government, Jonathan C. Beard, Willis E. Brown, Robert J. Fitrakis, and Suzanne M. Patzer ("the Coalition"), for a writ of mandamus to compel Andrea Blevins, the Columbus city clerk, to verify the

signatures on an initiative petition and submit the proposed imitative to city council. For the reasons set forth below, we deny the writ.

*Facts*

**{¶ 2}** On April 15, the Coalition filed a certified precirculation copy of a proposed initiative ordinance, entitled "The Columbus Fair Campaign Code," with the Columbus city clerk. The clerk's office accepted and date-stamped the filing, and no one informed the Coalition that the precirculation copy had been misfiled or that a copy needed to be filed with the city auditor. The Coalition began collecting petition signatures and on July 15, 2014, submitted 497 part-petitions to the city clerk.

**{¶ 3}** On July 18, 2014, the Coalition received two documents from the city. The first was a legal opinion from the Columbus city attorney stating that the part-petitions were defective because the Coalition had failed to file a certified precirculation copy with the city auditor, as required by R.C. 731.32. The second document was a notification from Blevins, the city clerk, advising that, based on the city attorney's legal advice, she would not submit the petition to city council.

**{¶ 4}** On August 6, 2014, the Coalition filed an original action in this court for a writ of mandamus to compel Blevins to verify the petition signatures and submit the petition to city council. Blevins filed an answer, and the parties filed briefs in accordance with the schedule governing expedited elections cases set forth in S.Ct.Prac.R. 12.08(A)(2). The matter is now ripe for decision.

*Analysis*

**{¶ 5}** R.C. 731.32 provides: "Whoever seeks to propose an ordinance * * * in a municipal corporation by initiative petition * * * shall, before circulating such petition, file a certified copy of the proposed ordinance or measure with the city auditor or the village clerk."

**{¶ 6}** The Columbus city charter is silent on the matter of precirculation filing requirements but does set forth postcirculation procedures. Signed part-

petitions must be filed with the city clerk. Columbus City Charter, Section 43. The clerk then has ten days to certify the number of signatures and submit the proposed ordinance to the city council for consideration at its next regular meeting. *Id.* The charter expressly adopts all general laws of the state applicable to municipal corporations that are not in conflict with the terms of the charter. *Id.,* Section 232.

{¶ 7} When a city's charter is silent on the subject of precirculation requirements, as Columbus's is, then the procedures in R.C. 731.32 apply. *State ex rel. Julnes v. S. Euclid City Council*, 130 Ohio St.3d 6, 2011-Ohio-4485, 955 N.E.2d 363, ¶ 13. And if a municipality has an auditor, then the proponents of an initiative must file a precirculation copy with the auditor, or else they have no right to place their initiative on the ballot. *State ex rel. Bogart v. Cuyahoga Cty. Bd. of Elections*, 67 Ohio St.3d 554, 555, 621 N.E.2d 389 (1993). Columbus has a city auditor.

{¶ 8} The Coalition contends that it met its precirculation obligation by filing the proposed initiative with the city clerk. According to the Coalition, "the clear meaning of R.C. Section 731.32 is that a petition is to be filed with the officer of the government unit charged with the responsibility of accepting, reviewing and forwarding petitions to the governmental unit's legislative body for further consideration." In Columbus, according to the Coalition, the most appropriate official with whom to file the precirculation copy is the clerk, because the city charter assigns postcirculation responsibilities to the clerk and gives the auditor no role in the process.

{¶ 9} This argument overlooks the fact that the city clerk in *Bogart* had the same postcirculation duties as the Columbus city clerk. Nevertheless, we held that the precirculation mandate of R.C. 731.32 controlled.

{¶ 10} R.C. 731.32 requires strict compliance. *State ex rel. Barletta v. Fersch*, 99 Ohio St.3d 295, 2003-Ohio-3629, 791 N.E.2d 452, ¶ 17; *see also State*

*ex rel. Mika v. Lemon*, 170 Ohio St. 1, 161 N.E.2d 488 (1959), paragraph two of the syllabus (holding that absent strict compliance with R.C. 731.32, "no duty falls upon the city clerk to receive and file with the board of elections a referendum petition otherwise valid"). The Coalition's position is the opposite of strict compliance: it asks us to elevate what the Coalition believes to be the General Assembly's intent over the plain and unambiguous statutory language.

{¶ 11} The Coalition cites *Mika* for the proposition that the proper official to receive the R.C. 731.32 precirculation submission depends on "who 'performs the duties customarily performed by the officials designated in Section 731.32,' " quoting *Mika* at 5. But the reason the court examined the job duties of various officials in *Mika* was that the city of Youngstown did not have a city auditor. *Mika* at 5 ("many cities no longer have city auditors, as is the case with Youngstown"). This fact distinguishes the other cases cited by the Coalition. *See, e.g., Julnes*, 130 Ohio St.3d 6, 2011-Ohio-4485, 955 N.E.2d 363, ¶ 17 ("South Euclid does not have a city auditor"); *Edward Rose of Ohio, Inc. v. McLaughlin*, 22 Ohio App.2d 190, 191, 259 N.E.2d 754 (2d Dist.1970) ("the charter does not provide for a city auditor, and there is none"). Unlike the municipalities in those cases, Columbus does have an auditor, and so it is unnecessary to consider which Columbus official performs functions most comparable to the officials named in R.C. 731.32.

{¶ 12} Finally, the Coalition suggests that Blevins has unclean hands because she had a duty to inform them that they were filing their precirculation copy in the wrong office. The Coalition cites no authority for the existence of such a duty. But even if such a duty existed, the doctrine of unclean hands requires a showing that Blevins engaged in reprehensible conduct, not merely negligent conduct. *State ex rel. Coughlin v. Summit Cty. Bd. of Elections*, 136 Ohio St.3d 371, 2013-Ohio-3867, 995 N.E.2d 1194, ¶ 16. The Coalition has made no such showing.

Writ denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Law Offices of William M. Todd, Ltd., and William M. Todd, for relators.

Richard C. Pfeiffer Jr., Columbus City Attorney, and Joshua T. Cox, Chief Counsel, for respondent.

_____