**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Lange v. King,* **Slip Opinion No. 2015-Ohio-3440.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3440

THE STATE EX REL. LANGE *v*. KING, CLERK.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Lange v. King,* **Slip Opinion No. 2015-Ohio-3440.]**

*Mandamus—Writ of mandamus sought to compel village clerk to transmit a certified copy of a proposed initiative to the county board of elections— Writ granted.*

(No. 2015-1281—Submitted August 21, 2015—Decided August 25, 2015.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an expedited election case seeking a writ of mandamus to compel Kathleen King, clerk of the village of Newton Falls, to transmit a certified copy of a proposed initiative, along with the supporting petitions, to the Trumbull County Board of Elections.  We grant the writ.

*Background*

**{¶ 2}** Newton Falls Ordinance 2014-11 repealed a provision allowing residents a credit for income taxes paid to another municipality. Relator, Werner Lange, circulated petitions to place an initiative on the ballot to restore the tax credit and to mandate that the restoration of the credit be repealed only by popular vote. On July 29, 2015, the Trumbull County Board of Elections certified 220 valid signatures, more than the 114 signatures required to place the measure on the ballot.

**{¶ 3}** The next step in the process is for the clerk to determine the sufficiency and validity of the petition, and, if the petition passes muster, to transmit a certified copy of the text of the proposed initiative, along with the petitions, to the board of elections for placement on the ballot. R.C. 731.28. King has not done so.

**{¶ 4}** On August 6, 2015, Lange filed this suit for a writ of mandamus to compel King to transmit the petition and certified text to the board of elections. Pursuant to the court's procedures for expedited elections cases, Lange filed a merit brief with exhibits, and King filed a merit brief, but no evidence. Lange did not file a reply brief. The matter is now ripe for decision.

*Analysis*

**{¶ 5}** R.C. 731.28 sets forth a procedure for initiative petitions. Once the board of elections certifies the signatures, the clerk exercises " 'limited, discretionary authority' " to determine the sufficiency and validity of the petition. *State ex rel. N. Main St. Coalition v. Webb*, 106 Ohio St.3d 437, 2005-Ohio-5009, 835 N.E.2d 1222, ¶ 25, quoting *State ex rel. Ditmars v. McSweeney*, 94 Ohio St.3d 472, 477, 764 N.E.2d 971 (2002). In her brief, King suggests three reasons why the initiative petition should not be certified, none of which has merit.

**{¶ 6}** First, King argues that Lange filed his proposed measure with the wrong municipal official. In *State ex rel. Columbus Coalition for Responsive*

*Govt. v. Blevins*, this court held that "if a municipality has an auditor, then proponents of an initiative must file a precirculation copy with the auditor, or else they have no right to place their initiative on the ballot." 140 Ohio St.3d 294, 2014-Ohio-3745, 17 N.E.3d 578, ¶ 7. Lange's petition was filed with the clerk and not with the director of finance.

{¶ 7} R.C. 731.28 provides that an initiative or referendum petition signed by the required number of electors must be filed with "the *city* auditor or *village* clerk." (Emphasis added). The measure in *Blevins* had to be filed with the auditor because Columbus is a city and does not have a "village clerk." *See also State ex rel. Bogart v. Cuyahoga Cty. Bd. of Elections*, 67 Ohio St.3d 554, 621 N.E.2d 389 (1993) (involving a petition filed in the city of Beachwood).

{¶ 8} Newton Falls, on the other hand, is a village. R.C. 703.01(A) defines a "city" as a municipal corporation that, at the most recent federal census, had a population of 5,000 or more or that had 5,000 resident electors or voters. All other municipal corporations are villages. *Id*. Pursuant to R.C. 703.06, on April 13, 2011, after the 2010 federal census, the Ohio Secretary of State classified Newton Falls as a village. *See http://sos.state.oh.us/sos/mediacenter/2011/2011-04-13.aspx (accessed Aug. 24, 2015)*. Because Newton Falls is a village, Lange complied with the statute by filing the petition with the village clerk.

{¶ 9} Second, King suggests that the initiative would affect two separate laws, in violation of R.C. 3519.01(A), which provides that an initiative petition may contain only one proposal of law. However, R.C. Chapter 3519 applies only to *statewide* initiative and referendum petitions. *State ex rel. Sinay v. Sodders*, 80 Ohio St.3d 224, 228, 685 N.E.2d 754 (1997).

{¶ 10} Finally, King claims that the tax credit would have "the unconstitutional effect of impairing the City's contractual obligations." Specifically, King argues that retaining the tax credit will reduce Newton Falls'

general revenue fund by $225,000, which will impair Newton Falls' ability to meet contractual obligations such as debt maintenance and employee-benefit contracts.

{¶ 11} As noted above, King's discretion is limited: it is an abuse of discretion for a village clerk to inquire into substantive questions "not evident on the face of the petition." *Webb*, 106 Ohio St.3d 437, 2005-Ohio-5009, 835 N.E.2d 1222, at ¶ 30. The fiscal impact of the measure is a question that falls outside the four corners of the document. We therefore hold that it was an abuse of discretion for the clerk to refuse to certify this petition on that basis. Moreover, even if King did have such discretion, there is no evidence in the record to substantiate her claim about the fiscal impact the measure would have.

{¶ 12} Based on the foregoing, we grant the writ of mandamus, and we order the clerk of Newton Falls to transmit the petitions and certified text of the proposed initiative to the Trumbull County Board of Elections.

Writ granted.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

————————————

Werner Lange, pro se.

A. Joseph Fritz, for respondent.

————————————